**In re Hal Ray RIDDLE and Deloris Argelene Riddle, Debtors.**

No. 06–11313–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

July 17, 2006.

James Schwitalla, Esq., Miami, FL, for Debtor.

Drew M. Dillworth, Esq., Miami, FL, Chapter 7 Trustee.

Steven R. Turner, Esq., Assistant United States Trustee, Miami, FL, U.S. Trustee.

### SUA SPONTE ORDER DETERMINING DEBTORS' COMPLIANCE WITH FILING REQUIREMENTS OF SECTION 521(a)(1)

A. JAY CRISTOL, Chief Judge.

Pursuant to 11 U.S.C. § 521(i), if an individual debtor in a voluntary case under Chapter 7 or 13 fails to file all of the information required under 11 U.S.C. § 521(a)(1) within 45 days after the date of the filing of the petition, the case shall be "automatically dismissed" effective on the 46th day after the date of the filing of the petition.

The Court has reviewed the docket and the papers filed by debtors in this case and believes the information required by 11 U.S.C. § 521(a)(1), and provided by the debtors, is complete. Moreover, no party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. § 521(i)(2). Notwithstanding, the Court feels compelled to comment on the unusual

and confusing language in this statutory provision.

I do not like dismissal automatic,
It seems to me to be traumatic.
I do not like it in this case,
I do not like it any place.

As a judge I am most keen
   to understand, *What does it mean?*
How can any person know
what the docket does not show?

What is the clue on the 46th day?
Is the case still here, or gone away?
And if a debtor did not do
   what the Code had told him to
   and no concerned party knew it,
   Still the Code says the debtor blew it.
Well that is what it seems to say:
   the debtor's case is then *"Oy vay!"*

This kind of law is symptomatic
   of something very problematic.
For if the Trustee does not know
   then which way should the trustee go?

Should the trustee's view prismatic
   continue to search the debtor's attic
   and collect debtors' assets in his fist
   for distribution in a case that stands
   dismissed?
After a *dismissal automatic*
   would this not be a bit erratic?

The poor trustee cannot know
   the docket does not dismissal show.
What's a poor trustee to do—
   except perhaps to say, "Boo hoo!"

And if the case goes on as normal
   and debtor gets a discharge formal,
   what if a year later some fanatic
   claims the case was dismissed automatic?

Was there a case, or wasn't there one?
How do you undo what's been done?
Debtor's property is gone as if by a thief,
   and Debtor is stripped but gets no relief.
I do not like dismissal automatic.

On this point I am emphatic!
I do not wish to be dramatic,
   but I can not endure this static.
Dismissal automatic is not understood.
Something more in 521 is needed
   for dismissal automatic to be heeded.

For all concerned this is not good.
Before this problem gets too old
   it would be good if we were told:

What does automatic dismissal mean?
And by what means can it been seen?
Are we only left to guess?
Oh please Congress, fix this mess!
Until it's fixed what should I do?
How can I explain this mess to you?

If the Code required an old fashioned order,
   that would create a legal border,
   with complying debtors' cases defended
   and 521 violators' cases ended,
   from the unknown status of dismissal automatic,
   to the certainty of a status charismatic.
The dismissal automatic problem would be gone,
   and debtors, trustees and courts could move on.

As to this case, how should I proceed?
Review of the record is warranted, indeed.
A very careful record review,
   tells this Court what it should do.
Was this case dismissed automatic?
It definitely was NOT and that's emphatic.

Based upon the Court's review, the Court has determined that the debtors have complied with the information requirements of 11 U.S.C. § 521(a)(1).

Accordingly, it is **ORDERED:**

1.  This case is not subject to automatic dismissal under 11 U.S.C. § 521(i)(1) or (2).

2.  If any party in interest has any reason to contest the Court's finding that the

debtors have filed all information required by 11 U.S.C. § 521(a)(1), that party shall file a motion for reconsideration not later than 20 days from the date of the entry of this order, and serve such motion on the trustee, the United States Trustee, debtors and debtors' counsel, if any. The motion should specifically identify the information and document(s) required by 11 U.S.C. § 521(a)(1) that the debtors have failed to file.

3. Nothing in this Order shall excuse the debtors' duty to cooperate with the United States Trustee and the trustee assigned to this case, and shall not prevent the United States Trustee or case trustee from requesting by any authorized means, including, but not limited to motion, that the debtors supply further information.