**In re Mario HERRERA and Deborah Herrera, Debtors.**

**No. 08–10258–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida, Miami Division.

Dec. 3, 2008.

---

Rex E. Russo, Coral Gables, FL, for Debtors.

Richard M. Bales, Bales Sommers & Klein, P.A., Miami, FL, for Attorneys Title.

Drew Dillworth, Miami, FL, Chapter 7 Trustee.

Steven Schneiderman, Staff Attorney, Office of the U.S. Trustee, Miami, FL.

### ORDER DENYING MOTION TO DISMISS

ROBERT A. MARK, Bankruptcy Judge.

If a debtor files all of the schedules, statements, and documents required under § 521(a)(1) of the Bankruptcy Code, but the schedules are incomplete or inaccurate, was the case automatically dismissed under § 521(i), 46 days after the filing of the petition? The Court concludes that it was not. Accordingly, the Motion to Dismiss [CP# 76] filed by a creditor, Attorneys Title Insurance Fund ("Attorneys Title"), will be denied.

### Factual and Procedural Background

This Chapter 7 case was filed on January 10, 2008. The § 341 Meeting was scheduled for February 14, 2008, and creditors received notice that April 14, 2008, was the deadline for filing complaints objecting to discharge or dischargeability of debt [CP# 2].

Attorneys Title is listed as a creditor on Debtors' Schedule F and received notice of the § 341 Meeting and deadline for filing complaints. In fact, counsel for Attorneys Title appeared at the February 14, 2008 § 341 Meeting.

Attorneys Title did not file a complaint objecting to the Debtors' discharge prior to the April 14, 2008 deadline, nor did it seek an extension of the deadline. By contrast, both the United States Trustee and the Chapter 7 Trustee sought and obtained extensions to file § 727 complaints through June 13th (Trustee) and June 16th (U.S. Trustee) [CP# s 45, 49]. Those dates passed and neither the Trustee nor U.S. Trustee filed § 727 complaints.

The § 341 Meeting was continued several times, but was conducted and concluded on June 24, 2008. On that same date, the Trustee filed a Report of No Distribution. One day later, on June 25, 2008, the Trustee entered on the docket the following electronic statement under this Court's Local Rule 1017–2(b):

The information required by 11 U.S.C. § 521(a)(1) as provided by the debtor(s) in this case is complete to the satisfaction of the trustee. No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. § 521(i)(2) and the trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. § 521(i).

As provided in Local Rule 1017-2(A)(2)(b)(ii), the Trustee's statement triggered the entry of this Court's June 25, 2008 Order Determining Debtor's Compliance with Filing Requirements of § 521(a)(i) ("Order Determining Compliance") [CP# 71]. That Order provides that the case is not subject to automatic dismissal under § 521(i) based on the Court's determination that "the debtor has complied with the information requirements of § 521(a)(1)."

The Order Determining Compliance provides a 20 day deadline for parties in interest to object to the Court's finding. On July 15, 2008, Attorneys Title timely filed its Objection to Order Determining Debtor's Compliance with Filing Requirements of § 521(a)(1) and Motion to Dismiss Pursuant to § 521(i)(2) ("Motion to Dismiss") [CP# 76]. The Court conducted a hearing on the Motion to Dismiss on October 21, 2008, and granted Attorneys Title leave to file a Supplement to its Motion which it did on October 28, 2008 [CP# 91].

### Discussion

#### A. Section 521(i) and this Court's Local Rule

Section 521(i)(1) states in pertinent part as follows:

"if an individual debtor in a voluntary case under Chapter 7 or 13 fails to file all of the information required under subsection (a)($l$) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

Section 521(i)(2) provides, in pertinent part, that "with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case."

Courts, including this one, have struggled to create procedures to implement the novel concept of "automatic" dismissal. Clearly, Congress wants cases dismissed promptly where a debtor fails to file the documents described in § 521(a)(1). The problem with the word "automatic" is the risk that cases could be fully administered and later deemed to have been automatically dismissed because of filing deficiencies existing 45 days after the petition date.

This Court's procedure, referenced earlier and detailed in Local Rule 1017-2(A)(2), provides a mechanism for determining, early in the case, whether a debtor has complied with the filing requirements in § 521(a)(1). The rule requires the Trustee to review the file and, in a Chapter 7 case, to file either a statement indicating that the debtor has complied, or a motion to dismiss. L.R. 1017-2(A)(2)(b)(i). The rule directs the Trustee to file the statement or motion no later than the deadline for filing § 727 complaints objecting to discharge. L.R. 1017-2(A)(2)(c).

If the Trustee concludes that the debtor has fulfilled the § 521(a)(1) filing requirements and files the statement so indicating, the Court immediately enters an Order Determining Debtors' Compliance With Filing Requirements of § 521(a)(1). L.R. 1017-2(A)(2)(b)(ii). That Order contains a finding that the debtor has complied and that the case is not subject to automatic dismissal. The local rule also sets a deadline for other parties in interest to contest the finding:

If any creditor or party in interest has any reason to contest the Court's finding that the debtor has filed all information required by 11 U.S.C. § 521(a)(1), that party shall file an objection to the order not later than 20 calendar days from the date of entry of the order . . .

The procedure in our court's local rule was followed here. As detailed earlier, the Trustee filed his statement indicating compliance, the Court entered its Order Determining Debtors' Compliance and the creditor, Attorneys Title, timely filed its Objection and Motion to Dismiss.

### B. Attorneys Title's Allegations Do Not Justify Dismissal Under § 521(i)

In its Motion to Dismiss and Supplement, Attorneys Title argues that the Debtors did not fully comply with § 521(a)(i), since, at their initial § 341 Meeting on February 14, 2008, the U.S. Trustee requested that the Debtors amend their schedules to explain certain apparent inconsistencies between the schedules and their testimony at the § 341 Meeting. The Debtors did not file Amended Schedules and, based on certain alleged omissions and inaccurate statements in the schedules, Attorneys Title argues that the Debtors have failed to comply with § 521(a)(1).

Attorneys Title does not and could not allege that the Debtors have failed to file the documents required in each subsection of § 521(a)(1). Rather, it claims that errors or omissions in the documents require a finding of non-compliance, and therefore dismissal.

The only case cited by movant in support of its position is *In re Hall*, 368 B.R. 595 (Bankr.W.D.Tex.2007). In that case, the court found non-compliance with § 521(a)(1)(B)(i), (ii), (iii), (v) and (vi), where, among other things, virtually every page of the Schedules and Statement of Financial Affairs were marked "to be amended" and "contained absolutely no information other than the Debtor's name and the case number." 368 B.R. at 596. Under those extreme facts, dismissal for failure to comply with § 521(a)(1) was appropriate.

In this case, however, the Debtors' Schedules, Statements and other § 521(a)(1) filings contained extensive information. Moreover, despite Attorneys Title's recitation of material omissions and inaccuracies, the Trustee was satisfied with the information provided and neither the Trustee nor the U.S. Trustee sought dismissal or filed complaints objecting to discharge.

The Court is neither condoning inaccurate schedules nor implying that this creditor's objection should be disregarded simply because the U.S. Trustee and case Trustee were satisfied. Rather, the Motion to Dismiss is being denied, without further inquiry into the allegations, because this Court concludes that § 521(i) is not the proper remedy to address the alleged wrongdoing.

Any challenge to the accuracy or completeness of the schedules and other filings under § 521(a)(1) should have been framed in a complaint objecting to discharge, where specific subsections apply, including, for example, § 727(a)(4) (false oath or account), or § 727(a)(5) (failure to explain loss of assets). The case law is well developed under § 727 and the procedures triggered by the filing of an adversary complaint provide a fair opportunity for both sides to litigate the issues.

Using § 521(i) as a vehicle to challenge the accuracy of completeness of schedules and other required filings could also be prejudicial to creditors. Although not the case here, other cases with alleged inaccu-

rate schedules could be asset cases, or could become asset cases based on successful objections to exemptions or successful avoidance actions. In those cases, using the applicable § 727 provisions to object to discharge would provide an appropriate remedy and also allow administration of the case. By contrast, dismissal under § 521(i) would prevent administration and deprive creditors of a potential distribution.

As mentioned earlier, and more eloquently described by others, implementing § 521(i) is already difficult. *See In re Riddle*, 344 B.R. 702 (Bankr.S.D.Fla.2006) (poetically pondering the administrative conundrum: "And if the case goes on as normal/and debtor gets a discharge for-mal,/ what if a year later some fanatic/claims the case was dismissed automatic?"). It would be wholly inappropriate to make implementation of § 521(i) even more difficult by trying to squeeze "round-pegged" objections to the accuracy or completeness of schedules into the oddly shaped § 521(i) statutory hole.

For the foregoing reasons, the Motion to Dismiss is denied.