**In re Carl D. OLIVER, Debtor.**

**No. 02–10183 B.**

United States Bankruptcy Court,
W.D. New York.

May 29, 2002.

Carolyn S. Schwartz, Buffalo, NY, United States Trustee, Christopher K. Reed, Buffalo, NY, Assistant United States Trustee of counsel.

Bruce Kevin Koren, Kenmore, NY, for Debtor.

CARL L. BUCKI, Bankruptcy Judge.

The United States Trustee has moved to dismiss the chapter 7 petition of an individual who died shortly before the first meeting of creditors. At issue is whether

the debtor's failure to appear constitutes a *per se* basis for dismissal.

Carl D. Oliver, the debtor herein, filed his petition for relief under chapter 7 of the Bankruptcy Code on January 11, 2002. Consistent with the Bankruptcy Rules and standard practice, the Clerk of this Court then issued a notice to the debtor and parties in interest that an initial meeting of creditors was scheduled for February 15, 2002. The debtor, however, died on February 12. Accordingly, his counsel reported this event to the trustee at the time set for the first meeting. The trustee then adjourned the meeting to his calendar on April 12, and prepared an affirmation in support of a motion to dismiss the bankruptcy case. Relying on that affirmation, the United States Trustee filed the present dismissal motion, which was set for hearing on April 15, 2002.

■ At the adjourned meeting of creditors on April 12, the debtor's counsel appeared with Patrick Oliver, who identified himself as the debtor's brother and the individual to whom the Surrogate's Court had issued letters of administration. Despite this appearance, the Assistant United States Trustee pressed the motion to dismiss. At the hearing on April 15, he argued that section 343 of the Bankruptcy Code requires that the debtor appear and submit to examination. In the movant's view, the statute allows to a case trustee no discretion to waive the debtor's appearance. The United States Trustee contended, therefore, that in the absence of the debtor's participation at the first meeting of creditors, the case could not proceed. In response, the debtor's counsel asked that the administrator of the decedent's estate be allowed to testify in his brother's stead.

The United States Trustee exhibits proper concern for the language of 11 U.S.C. § 343, which directs that "[t]he debtor shall appear and submit to examination under oath at the meeting of creditors." This section, however, specifies no penalty for a failure to appear. Rather, grounds for dismissal of a case in chapter 7 are stated in 11 U.S.C. § 707(a), as follows:

> The Court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—(1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees and charges required under chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States Trustee.

By its use of the word "may," section 707(a) imposes no mandate for the dismissal of any case, but reserves such outcome to the sound discretion of the court in those instances where cause is demonstrated. One such cause arises from "unreasonable delay by the debtor that is prejudicial to creditors." Delay is unreasonable, however, only when it occurs without justification. Death is the ultimate excuse and submission to highest authority. In the present instance, this court can find no unreasonable delay by a debtor who at the time of his death was current in satisfying the obligations of a debtor under the Bankruptcy Code.

■ Compelling a denial of the motion to dismiss are the directions of Bankruptcy Rule 1016: "Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incom-

petency had not occurred." Thus, this court must avoid dismissal solely as a consequence of the debtor's death. Of course, the death of a debtor may eliminate the only source for the information that a trustee needs to administer a case. For this reason, Rule 1016 requires only that the estate of a deceased debtor be administered "so far as possible, as though the death or incompetency had not occurred." In instances where death precludes effective administration, dismissal would be predicated not on death, but on the inability of a case trustee to administer an estate effectively. In the present instance, however, the United States Trustee has made no showing that the debtor's inability to appear at the meeting of creditors will have a meaningfully adverse impact on case administration. In particular, to establish cause for dismissal, the United States Trustee must show that the decedent's administrator would be an inadequate substitute for the debtor.

 The debtor's heirs have good reason to cooperate in every reasonable way necessary to avoid a dismissal of this case. In schedules filed with the petition, the debtor claimed significant exempt assets, including income tax refunds and a qualified pension account. Without the benefit of a bankruptcy discharge, the decedent's administrator would be required to liquidate these assets in the first instance for the benefit of creditors. If unsecured claims are discharged, however, exempt assets become available for distribution to the debtor's heirs. Such an outcome is inherent to a bankruptcy under chapter 7, and provides no justification for a dismissal of the present case. To the contrary, Rule 1016 expresses an expectation that the benefits of bankruptcy will provide sufficient incentive for the heirs, executors, and administrators of a deceased debtor to cooperate with the administration of a case.

Without more, the impossibility of appearance by the debtor at the first meeting of creditors is an insufficient basis for dismissal of the present case. Because the movant has failed to show any adverse impact on case administration, the motion to dismiss is denied. This decision shall be without prejudice to a renewal of the present motion, in the event that the trustee encounters other impediments to the effective administration of this estate.

So ordered.