WOOD RIDGE HOMES, INC. *vs.* DONNA DEROSA. No. 00-P-1825. February 7, 2003. *Housing. Words,* "Assisted tenant."

When Donna DeRosa, who asserts that she is paying the full market rate for her housing unit, repeatedly refused to provide her personal financial information to Wood Ridge Homes, Inc. (Wood Ridge), which operates the "Section 8"[1] subsidized housing development in which she lives, Wood Ridge brought a summary process action against her. DeRosa repeatedly refused Wood Ridge's requests that she provide documentation of her finances as part of an annual recertification process that ensures that Section 8 tenants receive rent subsidies according to their level of need. DeRosa claimed she was paying full market rent for her unit, without Section 8 subsidy, and, so, was exempt from participating in the annual recertification process. Claiming that DeRosa had breached her occupancy agreement, Wood Ridge brought the summary process action to evict her.

---

[1]Section 8 of the Housing Assistance Program of the United States Housing Act, 42 U.S.C. §§ 1437 et seq. (1994 & Supp. I 1995), provides housing assistance to persons with low income.

Wood Ridge claims that financial disclosure is required as part of the United States Department of Housing and Urban Development (HUD) recertification process outlined in DeRosa's occupancy agreement with Wood Ridge. After a hearing, a Housing Court judge dismissed the eviction action, finding that DeRosa was paying the market rate for her unit and, consequently, was not required to recertify. Wood Ridge filed a motion for reconsideration or, in the alternative, for relief from judgment. After an evidentiary hearing, the judge denied the motion. Wood Ridge timely appealed from both the judgment and the denial of its motion.

HUD Handbook (4350.3) regarding occupancy requirements of HUD subsidized multifamily housing programs states that "[o]wners [i.e., Wood Ridge] must annually recertify all assisted tenants." *Id.* at ch. 5, § 2, par. 5.3 (1992). However, "[t]enants paying market rent are not required to recertify." *Ibid.* Wood Ridge claims that DeRosa is an "assisted tenant," even though she is not currently receiving assistance, because she may become eligible to receive assistance in the future.

This defies logic. An "assisted tenant" is defined in the HUD Handbook as "[a] tenant who pays less than the market rent." *Id.* at ch. 3, exh. 3-1, par. 2 (1995). An assisted tenant is further defined as one who receives a rent supplement or Section 8 assistance, which Wood Ridge concedes DeRosa does not currently receive. Wood Ridge grants that DeRosa is paying "contract rent," which is the maximum rent that HUD has approved for the unit (*id.* at par. 4), but suggests that she is not paying "market rent" and, thus, is still required to recertify.

With regard to Section 8 units, such as the one DeRosa occupies, "market rent is the same as the contract rent." *Id.* at par. 12. This ends the matter. "Assisted tenants" pay less than "market rent." DeRosa pays "contract rent," which is the same as "market rent." Therefore, DeRosa is not an "assisted tenant" who must recertify. Rather, she is a tenant paying "market rent" who is not required to recertify. Furthermore, in these circumstances, DeRosa is not required by her occupancy agreement with Wood Ridge to recertify despite Wood Ridge's claim that she is. Section H of that agreement (entitled "Annual Recertifications and Interim Recertification"), at par. 1(b), allows Wood Ridge to raise DeRosa's monthly rent to the maximum established for non-subsidized residents ("The HUD Contract Rent for Section 8 developments") in the event that she does not submit the required recertification information. But DeRosa is already paying contract rent.

Wood Ridge may feel that it is in a difficult spot because it has contracted with the Massachusetts Housing Finance Agency (MHFA) (which is the contract administrator for HUD funds), and MHFA has taken the position that all tenants living in Section 8 housing who are potentially eligible for assistance must recertify. We need not address this issue because Wood Ridge does not argue that DeRosa is bound by any agreement it has with MHFA.

*Judgment affirmed.*
*Denial of motion for reconsideration*
*or relief from judgment affirmed.*

*Paul E. Cahill* for the plaintiff.
*Donna DeRosa,* pro se.