In re Edwin Sepulveda SOTO and
Arlene Lisette Gonzalez
Rivera, Debtors.

Edwin Sepulveda Soto and Arlene
Lisette Gonzalez Rivera,
Appellants,

v.

Doral Bank and Alejandro Oliveras
Rivera, Chapter 13 Trustee,
Appellees.

BAP No. PR 12–075.
Bankruptcy No. 12–01093–BKT.

United States Bankruptcy Appellate Panel
of the First Circuit.

May 8, 2013.

Alexander Zeno, Esq., San Juan, PR, on brief for Appellants.

Osmarie Navarro Martinez, Esq., on brief for Appellee.

Alejandro Oliveras Rivera, Chapter 13 Trustee.

Rebeca Caquías Mejías, Esq., Hato Rey, PR, on brief for Appellee, Doral Bank.

Before HAINES, FEENEY, and HOFFMAN, United States Bankruptcy Appellate Panel Judges.

HOFFMAN, Bankruptcy Judge.

The debtors, Edwin Sepulveda Soto and Arlene Lisette Gonzalez Rivera, appeal from the bankruptcy court order dismissing their chapter 13 case. For the reasons set forth below, we **AFFIRM** the order.

### BACKGROUND

The debtors, who are married, filed a joint petition for chapter 13 relief on February 15, 2012. They subsequently

attended the first meeting of creditors pursuant to Bankruptcy Code § 341[1] convened by the chapter 13 trustee and appellee, Alejandro Oliveras Rivera, on March 28, 2012. Although both debtors were employed, they failed to provide the trustee at or prior to the meeting with evidence of their income, or with copies of their federal and Puerto Rico tax returns for the years 2008 through 2011.[2] The trustee informed them of their obligation to comply with § 521(a)(1), including the requirement that they provide employment payment advices, and continued the meeting to May 3, 2012. The trustee's report of the May 3, 2012 meeting reflects that the debtors and their counsel failed to appear and also that the debtors failed to supply him with copies of their Puerto Rico tax returns. The trustee did not, however, check the box on the report form to indicate that the debtors' payment advices remained due.

On June 20, 2012, the debtors filed an amended chapter 13 plan, to which the appellee, Doral Bank ("Doral"),[3] and the Internal Revenue Service objected.[4] On July 23, 2012, the debtors filed another amended chapter 13 plan, to which the Internal Revenue Service again objected. On September 26, 2012, the trustee filed a report recommending denial of plan confirmation, asserting, among other things, that the debtors had failed to provide evidence of their income and copies of their Puerto Rico tax returns.[5]

During the September 27, 2012 hearing on plan confirmation, Doral orally moved for dismissal of the case pursuant to § 521, based on the debtors' continued failure to provide the required payment advices and Puerto Rico tax returns. Challenging the sufficiency of notice as well as Doral's standing to make the motion, the debtors objected to dismissal. Furthermore, the debtors' counsel informed the court of the debtors' contention that they had provided to him the payment advices, although the debtors' counsel could not recollect if he had forwarded them to the trustee. Counsel declined the bankruptcy court's invitation to testify or have the debtors testify under oath that the payment advices had been submitted to the trustee. Unpersuaded by the debtors' arguments, the bankruptcy court accepted the trustee's representation that the payment advices had not been provided and dismissed the case pursuant to § 521(i) based on the debtors' failure to file all of the information required by § 521(a). In the sum-

1. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

2. The trustee's report regarding the first § 341 meeting of creditors reveals numerous additional deficiencies in the debtors' financial disclosures, including the debtors' failure to fully disclose their assets as well as the dates of payments made to creditors during the 90 days prior to the filing of their petition.

3. Doral held three secured notes from the debtors, with outstanding balances totaling in excess of $294,000.00, according to proofs of claim filed on its behalf.

4. The docket reflects that Doral also filed a motion for relief from stay, which the court granted. That ruling is the subject of another appeal. *See Sepulveda Soto v. Doral Bank (In re Sepulveda Soto)*, BAP No. PR 12–053, 2013 WL 1932118 (1st Cir. BAP filed Aug. 22, 2012), which is presently pending before this Panel.

5. The report is entitled "Trustee's Amended Unfavorable Report of Plan Dated April 9, 2012 (Dkt. 62)," but its text makes clear that the trustee's recommendation that confirmation be denied applied to the latest version of the plan on file as of September 26, 2012.

mary of proceedings prefacing its order of dismissal the court stated:

> Once the discussion of the IRS issue concluded, Doral Bank moved for the dismissal of the case under 11 U.S.C. § 521, because the Debtor[s] failed to provide the state tax returns for the years 2009 through 2011, and had failed to provide the Trustee with the payment advices, as indicated in the Trustee's report on confirmation filed on September 26, 2012 (Dkt. No. 136). The Trustee confirmed that the payment advices were still pending, among other matters that impeded confirmation. Debtor[s'] counsel, Alexander Zeno, informed that according to the debtor, the payment advices were provided to counsel, but counsel could not recollect if he submitted them to the Trustee or not, and declined to put himself and the debtor under oath to proffer testimony as to having submitted to the Trustee copies of the payment advices. Consequently, the Court determined that under 11 U.S.C. § 521 automatic dismissal is proper.

### POSITIONS OF THE PARTIES

Although the debtors concede that Doral is a party in interest in their chapter 13 case, they argue that Doral nonetheless lacked standing to move for dismissal. They assert that the bankruptcy court erred in dismissing their case pursuant to § 521(i), which allows any party in interest to move for dismissal under certain circumstances, and that the court instead should have applied § 1307(c)(9), which provides that only the United States trustee may move to dismiss a chapter 13 case for failure to file the information required by § 521(a)(1) and that dismissal must be preceded by notice and a hearing. They claim that because § 1307 is "more specific and was revised after § 521(i)(2)," it "trumps" the latter provision. Additionally, they argue that: (1) they lacked sufficient notice of Doral's oral motion to dismiss and that the motion amounted to a "surprise attack"; (2) they complied with § 521(i)(1) by submitting to the trustee their federal tax returns and payment advices "[a]fter the first meeting of creditors but before the second"; and (3) the trustee's failure to indicate in his report of the continued creditors' meeting that the advices were missing proves that the advices were supplied.

The trustee maintains that the debtors never submitted payment advices as required by § 521(a)(1)(B)(iv), Bankruptcy Rule 1007(b)(1)(E), and P.R. LBR 1007–1(f).[6] According to the trustee, an examination of the report of the continued creditors' meeting reveals simply that the debtors failed to attend that meeting, not that they provided the required payment advices. The trustee contends that where, as here, a party fails to submit the payment advices as required by § 521(a)(1)(B)(iv), automatic dismissal should follow pursuant to § 521(i)(1). He further argues that the debtors received notice of his report recommending denial of plan confirmation, which noted the debtors' failure to provide evidence of income. Lastly, the trustee asserts that notwithstanding § 1307(c)(9), the bankruptcy court could dismiss under

---

**6.** The tax returns appear to have fallen by the wayside. The debtors maintain that they supplied the trustee with copies of their federal tax returns as required by § 521(e) and that their Puerto Rico tax returns are not required by that section. In his September 26, 2012 report, the trustee stated that he had not received the Puerto Rico returns and Doral in its motion to dismiss argued accordingly. In entering the order which is the subject of this appeal, the bankruptcy court relied only on the debtors' failure to submit payment advices.

§ 521(i) and, therefore, § 1307's notice and hearing requirement do not apply.

Doral similarly asserts that § 1307(c)(9) is not applicable to dismissal under § 521(i) and that § 521(i)(1) mandates automatic case dismissal without notice and a hearing when a debtor fails to file all the information required by § 521(a)(1)(B). Doral points out that the debtors neglected to request an extension of time to provide the required information.

## JURISDICTION

A bankruptcy appellate panel is " 'duty-bound' " to determine its jurisdiction before proceeding to the merits, even if not raised by the litigants. *Boylan v. George E. Bumpus, Jr. Constr. Co., Inc. (In re George E. Bumpus, Jr. Constr. Co., Inc.)*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998) (quoting *Fleet Data Processing Corp v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998)). A panel may hear appeals from "final judgments, orders, and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *In re Bank of New England Corp.*, 218 B.R. at 645. "An order dismissing a Chapter 13 case is a final, appealable order." *Gonzalez–Ruiz v. Doral Fin. Corp. (In re Gonzalez–Ruiz)*, 341 B.R. 371, 375 (1st Cir. BAP 2006) (citation omitted). Accordingly, we have jurisdiction.

## STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *See Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir.2010).

We review an order dismissing a chapter 13 case for abuse of discretion. *Howard v. Lexington Inv., Inc.*, 284 F.3d 320, 322–23 (1st Cir.2002) (citations omitted). "A bankruptcy court abuses its discretion if it ignores a material factor deserving of significant weight, relies upon an improper factor or makes a serious mistake in weighing proper factors." *Id.* at 323 (internal quotations and citation omitted).

## DISCUSSION

### I. The Standards

■ Section 521 provides that unless the court orders otherwise, a debtor shall file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." 11 U.S.C. § 521(a)(1)(B)(iv). "To satisfy the statute, ... a debtor may file either the payment advices or some other evidence of payment." *In re Wojda*, 371 B.R. 656, 660 (Bankr.W.D.N.Y.2007). General Order 05–06, issued by the United States Bankruptcy Court for the District of Puerto Rico, directs debtors not to file with the court the information required by § 521(a)(1)(B)(iv), but, rather, to provide it to the trustee and interested creditors.[7] That order further provides that "[f]ailure of debtor to comply with the requirements of [§ ] 521(a)(1)(B)(iv) will result in automatic dismissal under [§ ] 521(i)(1)." General Order 05–06.

Section 521(i) provides, in relevant part:

(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the

---

7. The United States Court of Appeals for the First Circuit has noted that this "general order is standard fare: bankruptcy courts in numerous districts have adopted comparable orders." *Segarra–Miranda v. Acosta–Rivera (In re Acosta–Rivera)*, 557 F.3d 8, 11 (1st Cir.2009) (citing *In re Brickey*, 363 B.R. 59, 64 n. 4 (Bankr.N.D.N.Y.2007)).

information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

(2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request.

(3) Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.

(4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

11 U.S.C. §§ 521(i)(1)–(4).

 Section 521(a)(1) was amended and § 521(i)(1) was added to the Bankruptcy Code by BAPCPA, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as " 'part of an abuse-prevention package.' " *In re Fiorillo,* 455 B.R. 297, 310 (D.Mass.2011) (quoting In re *Acosta–Rivera,* 557 F.3d at 13). Prior to BAPCPA, § 521(a)(1) required debtors to file only a list of creditors, a schedule of assets and liabilities, a statement of current in-

come and expenses, and a statement of financial affairs. *Simon v. Amir (In re Amir),* 436 B.R. 1, 22 (6th Cir. BAP 2010). BAPCPA added the requirement that the debtors file copies of, among other things, payment advices. *See* 11 U.S.C. § 521(a)(1). BAPCPA also added § 521(i)(1) to require automatic dismissal upon failure to comply with § 521(a)(1). *In re Amir,* 436 B.R. at 22.

## A. Automatic Dismissal Within the Meaning of § 521(i)(1)

Post–BAPCPA, courts "have struggled to create procedures to implement the novel concept of 'automatic' dismissal." *In re Herrera,* 398 B.R. 490, 492 (Bankr. S.D.Fla.2008). "The problem is that § 521(i) does not provide a procedure for dismissal." *CFCU Cmty. Credit Union v. Pierce,* No. 06–CV–6595–CJS, 2009 WL 2163107, at *2 (W.D.N.Y. July 17, 2009) (internal quotations and citation omitted). "Although § 521(i)(1) states that dismissal is automatic there is no indication how this occurs." *Id.* (internal quotations and citation omitted).

Courts are divided regarding the parameters of automatic dismissal. *In re Amir,* 436 B.R. at 23. Some "read[ ] into the filing deadline a restriction on bankruptcy courts' authority gleaned by implication from the 'automatic dismissal' provision." *In re Acosta–Rivera,* 557 F.3d at 12 (citing *Warren v. Wirum,* 378 B.R. 640, 647 (N.D.Cal.2007); *In re Spencer,* 388 B.R. 418, 422 (Bankr.D.D.C.2008); *In re Hall,* 368 B.R. 595, 599 (Bankr.W.D.Tex.2007); *In re Brickey,* 363 B.R. at 64–65); *In re Calhoun,* 359 B.R. 738, 740 (Bankr. E.D.Mo.2007). For example, in *Spencer,* the court held that the automatic dismissal provision in § 521(i)(1) means:

that the court has no discretion not to dismiss the case, and the language "effective on the 46th day" simply marks

the date on which the court is deprived of such discretion. Dismissal at the point of day 46 of the case is automatically required, with an order of dismissal to be entered under § 521(i)(2) within 5 days of a request being made for dismissal based on § 521(i)(1) having been triggered.

388 B.R. at 422. Other courts have held that the bankruptcy court possesses authority to waive the disclosure requirement "even after the forty-five-day filing deadline has expired." *In re Acosta–Rivera,* 557 F.3d at 13 (citing *In re Bonner,* 374 B.R. 62, 64–65 (Bankr.W.D.N.Y.2007); *In re Parker,* 351 B.R. 790, 801–02 (Bankr. N.D.Ga.2006); *In re Jackson,* 348 B.R. 487, 499–500 (Bankr.S.D.Iowa 2006)).

Most courts, including those espousing a strict interpretation of § 521(i)(1), agree that "automatic dismissal" under § 521(i)(1) requires more than the mere passage of time. *See, e.g., In re Lopez,* No. 09–31511–C, 2009 WL 3046716, at *1 (Bankr.W.D.Tenn. Sept. 18, 2009); *In re Parker,* 351 B.R. at 801–802; *CFCU Cmty. Credit Union,* 2009 WL 2163107; and *Spencer,* 388 B.R. at 422. As the court stated in *Spencer,* "[a]case does not stand dismissed unless and until the order of dismissal contemplated by § 521(i)(2) is entered, and the date of entry of the order of dismissal is the date on which the case is dismissed." 388 B.R. at 422. One court, however, has viewed dismissal under this section as a matter involving only the counting of days. *In re Fawson,* 338 B.R. 505, 510 (Bankr.D.Utah 2006) (stating that automatic means "acting or operating in a manner essentially independent of external influence or control") (internal quotations and citation omitted). Under this theory, the entry of an order dismissing the case under § 521(i)(1) is merely "ministerial." *Id.* at 511.

Confronted with the task of interpreting § 521(i)(1)'s automatic dismissal provision in *Acosta–Rivera, supra,* the United States Court of Appeals for the First Circuit found neither the rigid nor the flexible approach completely satisfactory. 557 F.3d at 12–13. In that case, the trustee had moved for authority to settle the debtors' prepetition employment discrimination lawsuit. The debtors, who evidently had not counted on this turn of events, moved to dismiss the bankruptcy case, based on their own failure to file the required financial statements. When the bankruptcy court denied their motion to dismiss, the debtors appealed. The district court reversed and remanded, and the trustee appealed.

■ While the First Circuit noted that the "stricter reading of the statute … gives sharper teeth to the automatic dismissal provision," it was "reluctant to read into the statute by implication a new limit on judicial discretion that would encourage rather than discourage bankruptcy abuse." *Id.* at 13. On the other hand, the First Circuit observed, although the more flexible reading "honors the policy behind the [Code] by vesting bankruptcy courts with greater discretion to discourage bankruptcy abuse, … debtors with something to hide are liable to treat dismissal as an escape hatch to be opened as needed." *Id.* at 12–13 (citations omitted). Accordingly, the First Circuit adopted an approach to automatic dismissal which gives the bankruptcy court limited discretion in certain circumstances:

In all events, we believe that it is possible to give effect to all of section 521, preserving the bankruptcy court's discretion to forgive compliance with disclosure requirements after the fact while at the same time preserving the authentic value of automatic dismissal. When a party moves under [§ ] 521(i)(2) for the

entry of an order dismissing an incomplete petition, the court can do one of three things: dismiss the case, decline to dismiss the case if the good-faith exception for payment advices applies ...; or determine, in its discretion, that the missing information is *not* "required under subsection (a)(1)." 11 U.S.C. § 521(i)(1). In the last-mentioned event, the court can deny the motion to dismiss. Some courts in "strict" jurisdictions seem to assume that the second and third of these options cover the same ground. That thinking underlies the opinions construing the forty-five-day deadline for automatic dismissal as an implicit temporal limitation upon the court's authority to order otherwise.

We find that mechanical reading unwise. While it may be textually plausible, it fails to harmonize the letter and purpose of the state.

*Id.* at 13 (citations omitted) (emphasis in original). Based on the above reasoning, the court concluded that § 521(i) does not compel dismissal of the case in limited circumstances, where "the missing information has become irrelevant or extraneous." *Id.* at 14.

### B. Notice and Hearing under § 521

■ Although courts in the First Circuit have not addressed the issue of whether dismissal under § 521(i)(1) requires notice and a hearing, other courts have. These courts have distinguished § 521(i)(1) from other Code sections which provide for dismissal, namely § 1307(c) and § 707. As stated by the United States Bankruptcy Appellate Panel of the Tenth Circuit:

Section 1307(c)(1) allows a "party in interest" to request dismissal of a case for "cause," which includes "unreasonable delay by the debtor that is prejudicial to creditors." Dismissal pursuant to § 1307 requires notice and a hearing, whereas § 521(i)(1) dismissal does not.

*Wilcox v. Anderson (In re Wilcox),* 463 B.R. 143, 2011 WL 3347772, at \*10 n. 9 (10th Cir. BAP 2011). Similarly, one bankruptcy court opined:

In general, dismissal of a Chapter 7 case must occur pursuant to [ ] § 707, which requires "notice and a hearing." It seems logical, therefore, that "automatic dismissal" would not require notice and a hearing. Rather, it is a determination that the court can make with no notice to any party in interest and no hearing of any nature. This interpretation allows the language of [§ ] 521(i)(2) to have meaning. That section provides that, with respect to a case in which all the required information had not been filed, "any party in interest may request the court to enter an order dismissing the case."

*In re Parker,* 351 B.R. at 801.

### II. The Standards Applied

■ In the case before us, the 45–day deadline prescribed by § 521(i)(1) expired on April 1, 2012, a full seven months before the bankruptcy court dismissed the case. The record discloses no evidence that the debtors provided to the trustee the payment advices required by that section, either before or after the expiration of the statutory deadline. We have only the debtors' assertion that the trustee's report of the May 3, 2012 creditors' meeting neglects to indicate that the payment advices were missing, and their unsupported contention that they submitted the payment advices between the first and second meetings. When the bankruptcy court offered the debtors and their counsel the opportunity to testify under oath concerning the delivery of the payment advices, they declined. Based on this and on the trustee's representation at the September 27, 2012 confirmation hearing that the pay-

ment advices were still "pending," the court dismissed the case.

 The record establishes that the debtors never moved under § 521(1)(3) to enlarge the 45–day deadline established in § 521(i)(1). Nor did they attempt to demonstrate the presence of either of the factors which, in this circuit, would justify the exercise of the court's discretion to deny dismissal, namely: (1) that they attempted in good faith to supply the missing information; or (2) the information was no longer necessary. *See In re Acosta–Rivera,* 557 F.3d at 13. Furthermore, neither the record nor the docket[8] indicates that the trustee opposed dismissal. Accordingly, under the standard articulated in *Acosta–Rivera,* the court did not abuse its discretion when it dismissed the debtors' case. In the absence of a request to extend the 45–day deadline, the court could have dismissed the case at any time after April 1, 2012. The fact that it did so in response to Doral's oral motion changes nothing. As aptly stated by one court, in the absence of an extension, "[a]fter the expiration of the specified period set forth in [ ] § 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom." *In re Ott,* 343 B.R. 264, 268 (Bankr.D.Colo.2006).

 The debtors' argument that § 1307(c)(9) preempts § 521(a), thereby imposing a requirement for notice and a hearing prior to dismissal, is also unavailing. Courts have rejected the notion that these statutes are in conflict or that § 1307 supercedes § 521, as the debtors assert. *See, e.g., In re Spencer,* 388 B.R. at 423; *Carroll v. Kay (In re Carroll),* No. 07–50098, 2007 WL 7023832, at *2 (Bankr. S.D.Ga. July 5, 2007). In *Spencer,* the court reasoned:

[D]ismissal of a case under chapter 13 of the Bankruptcy Code ... is generally governed by [ ] § 1307(c), which requires notice and a hearing, and a showing of cause. When the circumstances specified by § 521(i)(1) exist in a case, § 521(i)(1) must be viewed as a more specific statutory provision than § 1307(c) and as making dismissal mandatory notwithstanding § 1307(c) (even though § 1307(c) is not expressly mentioned in § 521(i)(1)).

388 B.R. at 423 (footnote omitted). The *Spencer* court observed:

Section 521(i)(1) and § 1307(c)(9) can be harmonized by treating § 521(i)(1) as dealing with automatic dismissals after day 45 of the case requiring no showing of cause, and treating § 1307(c)(9) as dealing with a dismissal for cause (for example, based on a failure to file schedules by day 15 of the case as required by Fed. R. Bankr.P. 1007(c)).

*Id.* at 423 n. 6.

In any event, the debtors' argument that they were without notice of the looming threat of dismissal and that Doral's oral motion to dismiss was a "surprise attack" is somewhat disingenuous. The debtors concede in their brief that the trustee advised them that they needed to comply with § 521, including its requirement to submit payment advices, as early as the first § 341 meeting of creditors. Having been informed of the need to comply with § 521, the debtors should have been alerted to the harsh consequences imposed by that provision on those who failed to comply.

### CONCLUSION

We conclude that § 521(a) and § 1307(c)(9) are not in conflict, that

---

**8.** *See In re Colón Martinez,* 472 B.R. 137, 139 n. 4 (1st Cir. BAP 2012) (stating "we may take judicial notice of the bankruptcy court's docket").

§ 521(i)(1) was the proper statutory basis for the bankruptcy court's dismissal, and that dismissal under § 521(i)(1) did not require notice and a hearing. The bankruptcy court's order of dismissal is **AFFIRMED.**