Lamoutte, U.S. Bankruptcy Appellate Panel Judge.
Janice Lorraine Stevenson ("Stevenson") appeals pro se from the bankruptcy court's August 3, 2017 order dismissing her chapter 13 case (the "Dismissal Order"). For the reasons discussed below, we AFFIRM .
BACKGROUND [1]
Stevenson filed a petition for chapter 7 relief on September 8, 2016. At that time, there was a summary process action pending against her in state court in which her landlord, TND Homes I, LP ("TND"), alleged nonpayment of rent in connection with her lease of a residential apartment (the "Property"). TND filed a motion for relief from the automatic stay (the "motion for relief"), seeking authorization to continue the summary process action. Stevenson opposed the motion for relief, accusing TND of "erroneous billing practices." Following a hearing, the bankruptcy court denied TND's request for relief from the automatic stay, on the condition that Stevenson make certain rent payments to TND. In addition, the court directed TND to correct its electronic records to accurately reflect the amounts Stevenson owed.
TND subsequently moved to voluntarily dismiss the summary process action after *575 receiving full payment of the rent amounts due from Stevenson. Stevenson received a discharge on January 6, 2017, and her bankruptcy case was closed on February 14, 2017.
After receiving her discharge, Stevenson again stopped paying rent. According to TND, Stevenson also "persisted in her refusal to complete recertification paperwork,"[2] failed to permit inspection of her unit, and violated her lease by keeping a dog on the Property. TND issued a 30-day notice to quit on February 24, 2017, and on April 10, 2017, commenced a new summary process action against Stevenson alleging that her tenancy had been terminated for cause. Stevenson filed an answer and counterclaim in the summary process action, asserting that the Property lacked heat and hot water. The state court scheduled the matter for a bench trial on April 20, 2017.
On April 21, 2017, Stevenson filed a petition for chapter 13 relief, thereby commencing the bankruptcy case that is the subject of this appeal. By letter dated May 3, 2017, TND notified the state court of Stevenson's bankruptcy filing and requested a stay of the summary process action.[3]
On her Schedule A/B: Property, Stevenson reported $30,000.00 worth of assets, $20,000.00 of which represented the surrender value of an insurance policy. She listed no creditors on Schedule D: Creditors Who Have Claims Secured by Property. On her Amended Schedule E/F: Creditors Who have Unsecured Claims, Stevenson listed only two creditors: Educational Credit Management Corporation ("ECMC"), with a claim of $15,000.00; and Navient, with a claim of $5,000.00.[4] On Schedule G: Executory Contracts and Unexpired Leases, Stevenson identified the residential lease with TND.
On April 24, 2017, the bankruptcy court issued a notice stating that Stevenson was "not entitled to a discharge in bankruptcy because of prior case filings." The bankruptcy court issued another notice on the same date, warning Stevenson that, as a "repeat filer," her rights might be affected by § 362(c)(3)[5] and/or (4).[6] Thereafter, *576 Stevenson filed a motion to extend the automatic stay pursuant to § 362(c)(3)(B). The bankruptcy court ruled that the motion was moot because the automatic stay was still in effect, explaining: "Although [Stevenson] filed a prior case ... within the preceding [ ] year, that case was not dismissed and, therefore, [§] 362(c)(3) does not apply."
On June 2, 2017, TND filed a motion to dismiss Stevenson's chapter 13 case (the "Motion to Dismiss") pursuant to § 1307(c), asserting that "[a] chapter 13 case can be dismissed for cause when it is demonstrated that the case was not filed in good faith." TND contended that Stevenson had not filed her petition in good faith but, rather, for the sole purpose of "delay[ing] and frustrat[ing] TND," and preventing the prosecution of the summary process action. Arguing that Stevenson's bankruptcy case amounted to a two-party dispute, TND elaborated that she remained in violation of her lease, she had no debts to reorganize other than student loan debt, and her claims relating to the condition of the Property should be litigated in the state court summary process action.
Stevenson objected to the Motion to Dismiss, insisting that: (1) her chapter 13 case was filed in good faith; (2) she proposed to pay all rent arrearages over a 36-month period in her chapter 13 plan of reorganization; and (3) TND had committed "acts of intentional wrong doing" by, among other things, retaliating against her for asserting her right to habitable premises.
On July 20, 2017, Stevenson filed her fifth amended chapter 13 plan of reorganization (the "Plan"),[7] indicating that: (1) she intended to "assume" the lease of the Property; (2) she would pay lease arrears in the amount of $6,853.00 to TND through the Plan; (3) she owed TND an additional $28,391.00, which she characterized as a nondischargeable unsecured claim for rent; (4) ECMC held a nondischargeable unsecured claim in the amount of $70,240.96; and (5) general unsecured creditors would receive a dividend of "0.70%" of their claims.
The Trustee filed an objection to confirmation, asserting that: (1) the Plan was not feasible; (2) Stevenson had overstated the amount of TND's claim and understated the amount of her student loan debt; (3) the Plan's liquidation analysis was incomplete; (4) Stevenson proposed to pay a dividend of .70% to the holders of unsecured claims totaling $105,484.96, which Stevenson calculated as $31,645.88, although *577 the Trustee's calculation was $73,839.47;[8] and (5) Stevenson had not filed her pre-petition state tax returns. ECMC also filed an objection to confirmation, arguing Stevenson had incorrectly listed her student loan debt as approximately $70,000.00, although it was actually about $147,000.00.
The bankruptcy court conducted a hearing on the Motion to Dismiss on August 3, 2017. At the outset, counsel for TND characterized Stevenson's bankruptcy case as a "two-party dispute" and an "effort to ... continue to hamstring" TND. He reiterated TND's contention that Stevenson's claims regarding the condition of the Property did not justify the filing of her chapter 13 petition, and added that Stevenson had filed six plans of reorganization, "none of which ha[d] come within striking distance of being confirmable." He concluded by arguing that Stevenson was merely a "month-to-month tenant," as her lease had terminated pre-petition due to the recertification issue. Stevenson, in turn, conceded that she was withholding rent because the Property lacked heat and represented that her goal was to "resume" her lease under § 365.
At the conclusion of the hearing, the bankruptcy court granted the Motion to Dismiss, explaining to Stevenson from the bench:
[Y]our lease is [ ] terminated. There's nothing that I could do to revive that lease. And you've been through a chapter 7.
....
You've gotten a discharge.
....
[Y]our problem isn't debt. Your problem [ ] is that you're in a continuing dispute with this landlord.
....
[A]nd the right place to [complain about uninhabitable conditions] is in state court.
....
[W]e've done everything we can do here. I'm going to dismiss the case under [§] 1307 as unreasonable ... delay.
Following the hearing, the bankruptcy court entered the Dismissal Order. On the same day, Stevenson commenced an adversary proceeding against TND with a complaint alleging that it had violated the Massachusetts "anti-SLAPP"[9] statute ( Mass. Gen. Laws ch. 231, § 59H ) by retaliating against her "for complaining of [un]inhabitable conditions ...." The bankruptcy court dismissed the adversary proceeding for lack of subject matter jurisdiction in light of its dismissal of Stevenson's main bankruptcy case.
Stevenson appealed the Dismissal Order on August 11, 2017. She also filed a request for certification of the Dismissal Order for direct appeal to the U.S. Court of Appeals for the First Circuit, which the bankruptcy court denied. Several months later, Stevenson filed a request for injunctive relief pursuant to 28 U.S.C. § 2283 (the "Anti-Injunction Act") and § 105, asking the Panel to stay the state court summary process action. The Panel denied her request.
POSITIONS OF THE PARTIES
I. Stevenson
On appeal, Stevenson presents five issues, namely, whether: (1) her lease "was *578 unexpired and assumable"; (2) "the automatic stay precludes a state court from undertaking ministerial acts after a bankruptcy filing"; (3) TND's summary process action was a "[SLAPP] suit and abuse of process"; (4) "racial bias influence[d]" the bankruptcy court's decision to dismiss her chapter 13 case; and (5) the bankruptcy court should have permitted her adversary proceeding to proceed. She asks the Panel for "retroactive relief ordering the state court to dismiss the summary process" action.
II. TND
TND counters that there is no basis for reversing the Dismissal Order. Moreover, in response to Stevenson's claim that her lease was "unexpired and assumable," TND contends the bankruptcy court correctly determined that TND had terminated Stevenson's lease prior to the filing of the chapter 13 case and that Stevenson had already received a recent discharge in her chapter 7 case. Thus, TND asserted, the bankruptcy court properly concluded "there was no lease to be assumed and nothing further to be accomplished in the [c]hapter 13 [c]ase." As in the proceedings below, TND maintains Stevenson filed her chapter 13 case to resolve a two-party dispute, "raising quintessentially non-bankruptcy issues which are [more properly] adjudicated in state court summary process actions ...." In support, TND cites Chertok v. Phelan (In re Phelan), No. 1:15-BK-04101 MDF, 2017 WL 713570, at *[6] (Bankr. M.D. Pa. Feb. 22, 2017) (dismissing chapter 13 case, reasoning, in part, that it was primarily a two-party dispute involving state law questions).
Turning to the remaining issues which Stevenson framed in her brief, TND argues: (1) the automatic stay issue is beyond the scope of this appeal and, in any event, TND promptly informed the state court of Stevenson's bankruptcy filing; (2) Stevenson should litigate anti-SLAPP claims in the summary process action; (3) Stevenson's assertion that the dismissal of her chapter 13 case was the product of the bankruptcy court's alleged racial bias is "baseless"; and (4) Stevenson did not appeal the dismissal of the adversary proceeding.
JURISDICTION
A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits, even if the litigants do not raise the issue. Sepulveda Soto v. Doral Bank (In re Sepulveda Soto), 491 B.R. 307, 311 (1st Cir. BAP 2013) (citing Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.), 226 B.R. 724, 724-25 (1st Cir. BAP 1998) ). "Pursuant to 28 U.S.C. §§ 158(a) and (b), the Panel may hear appeals from 'final judgments, orders, and decrees[.]' " Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 645 (1st Cir. BAP 1998) (citing 28 U.S.C. § 158(a)(1) ); see also Bullard v. Blue Hills Bank, --- U.S. ----, 135 S.Ct. 1686, 1692, 1695, 191 L.Ed.2d 621 (2015) (discussing the Panel's jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a) ). An order dismissing a chapter 13 case is a final, appealable order. In re Sepulveda Soto, 491 B.R. at 311 (citation omitted); Pellegrino v. Boyajian (In re Pellegrino), 423 B.R. 586, 589 (1st Cir. BAP 2010) (citing Howard v. Lexington Invs., Inc., 284 F.3d 320 (1st Cir. 2002) ). Therefore, we have jurisdiction.
STANDARD OF REVIEW
"Appellate courts apply the clearly erroneous standard to findings of fact and de novo review to conclusions of law."
*579 Belser v. Nationstar Mortg., LLC (In re Belser), 534 B.R. 228, 233 (1st Cir. BAP 2015) (citing Lessard v. Wilton-Lyndeborough Coop. Sch. Dist., 592 F.3d 267, 269 (1st Cir. 2010) ). "[The Panel] review[s] a bankruptcy court's decision to dismiss a chapter 13 case for abuse of discretion." Witkowski v. Boyajian (In re Witkowski), 523 B.R. 300, 305 (1st Cir. BAP 2014) (citing Howard, 284 F.3d at 322 ); Zizza v. Pappalardo (In re Zizza), 500 B.R. 288, 292 (1st Cir. BAP 2013) (citations omitted). "An abuse of discretion occurs when the trial court ignores a material factor deserving significant weight, relies upon an improper factor, or assesses all proper and no improper factors, but makes a serious mistake in weighing them." In re Witkowski, 523 B.R. at 305 (citation omitted) (internal quotations omitted).
DISCUSSION
I. The Standard
A. Section 1307(c)
" 'Section 1307 governs dismissal of a chapter 13 case.' " Benoit v. Deutsche Bank Nat'l Trust Co. (In re Benoit), 564 B.R. 799, 805 (1st Cir. BAP 2017) (quoting In re Baril, No. 09-20112, 2015 WL 1636442, at *2 (Bankr. D. Me. Apr. 10, 2015) ). "Section 1307(c) provides that, 'on request of a party in interest or the United States trustee and after notice and a hearing,' the court, 'for cause,' may dismiss a case under chapter 13 or convert the case to chapter 7, 'whichever is in the best interests of creditors and the estate.' " In re Acevedo, No. 12-12393-JNF, 2014 WL 1664255, at *3 (Bankr. D. Mass. Apr. 24, 2014) (quoting 11 U.S.C. § 1307(c) ). "The three princip[al] requirements of dismissal under § 1307 are: (1) the request of a party in interest or the United States Trustee, (2) notice and a hearing, and (3) a showing of cause." Minkes v. LaBarge (In re Minkes), 237 B.R. 476, 478 (8th Cir. BAP 1999) (footnotes omitted). The moving party under § 1307(c) bears the burden of proof. In re Zizza, 500 B.R. at 292 (citation omitted). Dismissal under § 1307(c) is committed to the bankruptcy court's discretion. In re Benoit, 564 B.R. at 805 (citing Howard, 284 F.3d at 322-23 ).
Because the first two requirements for dismissal under § 1307(c) are not at issue here, our focus is on the third element: whether there was "cause" for dismissal. "Cause for dismissal is not specifically defined in [§] 1307, but subsection (c) sets forth [a] non-exclusive list of eleven examples of cause."[10]
*580 In re Acevedo, 2014 WL 1664255, at *3 (citing 11 U.S.C. § 1307(c) (other citation omitted); see also Marrama v. Citizens Bank of Mass., 549 U.S. 365, 373, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007) (stating § 1307(c)"includes a nonexclusive list of [ ] causes justifying" dismissal or conversion of a chapter 13 proceeding).[11]
Although TND did not reference a specific subsection of § 1307(c) in the Motion to Dismiss, in its prayer for relief, TND asked the bankruptcy court to dismiss the case "on th[e] basis that it was not commenced in good faith as it only serve[d] to delay and frustrate a two-party dispute." (emphasis added). At the conclusion of the hearing on the Motion to Dismiss, the bankruptcy court stated it was dismissing the case "under [§] 1307 as unreasonable ... delay"-an implicit reference to subsection (c)(1).
B. Unreasonable Delay that is Prejudicial to Creditors
When "evaluating whether there has been unreasonable delay [by the debtor] which is prejudicial to creditors, the court must consider whether the debtor has engaged in some form of unreasonable delay, and whether the delay has been prejudicial." Zareas v. Bared Espinosa (In re Bared Espinosa), AP No. 04-0298, 2006 WL 3898379, at *4 (Bankr. D.P.R. Jan. 27, 2006) (discussing § 1112(b)(1) ) (citing Lawrence P. King, Collier on Bankruptcy& 1112.04[5][c] (15th ed. rev. 2005) );[12] see also Penland v. Rakozy (In re Penland), BAP No. ID-05-1467-HKMa, 2006 WL 6811002, at *4 (9th Cir. BAP Aug. 17, 2006) ("To support cause for dismissal, § 1307(c)(1) requires the bankruptcy court to find that a debtor was a proponent of unreasonable delay that resulted in prejudice to creditors.") (citation omitted). The First Circuit has explained that dismissal under § 1307(c)(1) is appropriate where "a further delay [by the debtor] would only prejudice creditors and ma[k]e the feasibility of any plan unlikely." Howard, 284 F.3d at 323 (affirming dismissal where debtor failed to file her tax returns within the time allotted by the court) (citation omitted).
The types of delay which courts find "unreasonable" for § 1307(c)(1) purposes vary. "[T]he most obvious example of an unreasonable delay prejudicial to creditors is the unjustified failure to file a reasonable plan of reorganization in a timely fashion." In re Colón Martinez, 472 B.R. 137, 145 (1st Cir. BAP 2012) (citation omitted) (internal quotations omitted). In In re Bared Espinosa, 2006 WL 3898379, at *4, the court dismissed a chapter 11 case for unreasonable delay that was prejudicial to creditors, where the bankruptcy case was merely a "two-party dispute between *581 the debtor and his ex-wife, stemming from their contentious divorce proceedings, and [ ] not properly a matter of financial reorganization under the Bankruptcy Code[.]"[13] As another court stated, "[d]elay is unreasonable [ ] only when it occurs without justification." In re Oliver, 279 B.R. 69, 70 (Bankr. W.D.N.Y. 2002) (discussing analogous provision, § 707(a) ).
II. The Standard Applied
The record discloses that TND was Stevenson's only creditor besides ECMC and Navient. The record further establishes that Stevenson's relationship with TND was contentious. In 2016, TND commenced a summary process action against Stevenson. That action was followed by the commencement of Stevenson's chapter 7 case. In that case, TND filed a motion for relief from stay, which Stevenson opposed. Stevenson's relationship with TND remained antagonistic after she received her chapter 7 discharge. For example, she again withheld rent and still refused to participate in the recertification process. A second summary process action ensued, in which Stevenson raised a counterclaim against TND. On the day after trial was scheduled to begin in the summary process action, Stevenson filed the chapter 13 case which is at the heart of this appeal. During the pendency of the chapter 13 case, Stevenson commenced an adversary proceeding against TND asserting anti-SLAPP claims. Finally, in this appeal, Stevenson unsuccessfully sought to enjoin the state court summary process action under the Anti-Injunction Act.
Moreover, during the bankruptcy court hearing on the Motion to Dismiss, Stevenson identified no purpose for her chapter 13 filing beyond "resum[ing]" her lease. When the court stated, "[T]here's nothing for me to do[,]" she then attempted to justify her bankruptcy filing by responding: "[T]he only reason I came here [is] because there is case law where a party can bring their lease, they can bring other debt, they can pay it off in a chapter 13." However, the suggestion that Stevenson had "other debt" to pay off is belied by her recent chapter 7 discharge, and by her own bankruptcy schedules, in which she failed to disclose any other debt to reorganize beyond her student loan debt. Furthermore, Stevenson's intention of "resuming" her lease reflects a fundamental misapprehension, as the record indicates that her lease was previously terminated.
The foregoing chronology supports a conclusion that there has been "unreasonable delay" by Stevenson "that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). Absent from the record-and from Stevenson's arguments on appeal-is justification for Stevenson's delay. Instead, this record suggests that Stevenson's chapter 13 filing was motivated by or targeted at a single creditor-TND-and that her filing was part of a pattern of conduct aimed at thwarting TND's eviction efforts. See In re Bared Espinosa, 2006 WL 3898379, at *4 (dismissing chapter 11 case for unreasonable *582 delay that was prejudicial to creditors where the filing was tantamount to a two-party dispute).[14] Furthermore, when we consider Stevenson's stated purpose in filing her chapter 13 case (to "pay ... off" other debt), together with her filing of six chapter 13 plans and failure to confirm any of them over an approximate one-year period, there is more than ample support for the bankruptcy court's decision. See In re Colón Martinez, supra ; see also In re Addams, 564 B.R. 458, 466-67 (Bankr. E.D.N.Y. 2017) ("Because Debtor has been unable to file a plan that complies with §§ 1322 and 1325, this case should be dismissed for cause under § 1307(c)(1) for unreasonable delay by the debtor that is prejudicial to creditors.") (citations omitted); In re Blanco, 520 B.R. 476, 483-84 (Bankr. E.D. Pa. 2014) ("Cause exists for dismissal under [§] 1307(c)(1) when the chapter 13 debtor has been given a reasonable time to propose a viable plan and it is clear that the debtor will be unable to do so.") (citations omitted); In re Michaelesco, 312 B.R. 466, 474 (Bankr. D. Conn. 2004) (concluding conversion under § 1307(c)(1) was warranted due to debtor's inability to fund a chapter 13 plan).
Thus, the bankruptcy court did not abuse its discretion in dismissing Stevenson's chapter 13 case for unreasonable delay that is prejudicial to creditors within the meaning of § 1307(c)(1).[15] Even if we were to consider the five issues Stevenson framed in her brief, the outcome of this appeal would not change. None of Stevenson's arguments challenge the bankruptcy court's essential conclusion that there was unreasonable delay that was prejudicial to creditors. Furthermore, as TND correctly observes, a number of Stevenson's arguments raise issues beyond the scope of this appeal, including: (1) whether "the automatic stay precludes a state court from undertaking ministerial acts"; (2) whether TND's summary process action was a "[SLAPP] suit" or an "abuse of process"; and (3) whether the bankruptcy court should have permitted her adversary proceeding to continue despite the dismissal of the main case. Finally, Stevenson's claim that racial bias influenced the bankruptcy court's decision is without support in the record.
CONCLUSION
For the foregoing reasons, we AFFIRM the Dismissal Order.

The factual background set forth in this opinion is gleaned from the record and the bankruptcy court's dockets. See TD Bank, N.A. v. LaPointe (In re LaPointe), 505 B.R. 589, 591 n.1 (1st Cir. BAP 2014) (stating "we may take judicial notice of the bankruptcy court's docket and imaged papers").

TND explains in its brief that tenants who, like Stevenson, "live in a [l]ow-[i]ncome [t]ax credit unit, are required to complete paperwork certifying their income annually ...." TND asserts that failure to do so constitutes grounds for termination of the tenancy. Case law corroborates that individuals who receive a rent supplement pursuant to Section 8 of the Housing Assistance Program of the United States Housing Act, 42 U.S.C. §§ 1437, et seq., are required to provide certain documentation regarding their finances to ensure that they receive rent subsidies according to their level of need. See, e.g., Wood Ridge Homes, Inc. v. DeRosa, 57 Mass.App.Ct. 914, 782 N.E.2d 1123 (2003) (discussing the annual recertification process).

The record indicates that the April 20, 2017 trial was initially continued and subsequently restored to the trial list. The state court's docket reflects that after a bench trial on April 4, 2018, judgment entered in favor of TND on April 13, 2018, and provides that execution shall not issue until July 1, 2018. See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that federal courts may take judicial notice of state courts' dockets); see also Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) (stating courts may take judicial notice of matters of public record). Stevenson immediately appealed that judgment.

Only two entities filed proofs of claim in Stevenson's case: TND filed a proof of claim for $3,916.00, and ECMC filed one proof of claim for approximately $73,000.00 and another for approximately $74,500.00.

Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq.
Section 362(c)(3)(A) provides:
If a single or joint case is filed by ... a debtor who is an individual in a case under chapter ... 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed ...
(A) The stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]
11 U.S.C. § 362(c)(3)(A).

Section 362(c)(4) provides, in relevant part:
[I]f a single or joint case is filed by or against a debtor who is an individual ..., and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, ... the stay under subsection (a) shall not go into effect upon the filing of the later case[.]
11 U.S.C. § 362(c)(4)(A)(i).

On April 21, 2017, Stevenson filed her first plan of reorganization, which she subsequently amended on May 4, 2017. When the chapter 13 trustee (the "Trustee") and TND objected to the confirmation of the first amended plan, Stevenson responded with the filing of a second amended plan on June 26, 2017. The Trustee objected to that plan, and Stevenson filed a third amended plan on June 29, 2017. Several days later, Stevenson filed her fourth amended plan. The Trustee then filed another objection to confirmation, which resulted in the filing of the Plan.

Both of these figures appear to be in error, as neither the Trustee's calculation nor the Debtor's amounts to a "0.70%" dividend.

The acronym, "SLAPP," stands for "strategic lawsuit against public participation."

Section 1307(c) provides:
(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including-
(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees and charges required under chapter 123 of title 28;
(3) failure to file a plan timely under section 1321 of this title;
(4) failure to commence making timely payments under section 1326 of this title;
(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
(6) material default by the debtor with respect to a term of a confirmed plan;
(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a);
(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or
(11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
11 U.S.C. § 1307(c).

Courts may consider matters other than those enumerated in § 1307(c). In re Lilley, 91 F.3d 491, 494 (3d Cir. 1996). For example, it is well established that lack of good faith is grounds for dismissal. See Sullivan v. Solimini (In re Sullivan), 326 B.R. 204, 211-13 (1st Cir. BAP 2005) (discussing dismissal due to lack of good faith, generally); In re Bouchard, 560 B.R. 385, 394-95 (Bankr. D.R.I. 2016) (same).

The language in § 1307(c) parallels that in § 1112(b), which governs dismissal and conversion in chapter 11 cases. In re Hernandez Figueroa, No. 07-00964 (ESL), 2012 WL 1035903, at *3 (Bankr. D.P.R. Mar. 27, 2012).

Courts have also found unreasonable delay "where a debtor failed to timely file her state tax returns, failed to make payments under the plan, failed to disclose ownership of assets on schedules, and failed to make good faith payments to the [c]hapter 13 [t]rustee[,]" In re Burgos, 476 B.R. 107, 111 (Bankr. S.D.N.Y. 2012) (citations omitted) (internal quotations omitted), or failed to comply with court orders setting deadlines, Howard, 284 F.3d at 323-24. See also In re Lopez Llanos, 578 B.R. 700, 710 (Bankr. D.P.R. 2017) (finding cause to dismiss under § 1307(c)(1) where debtor failed to: submit evidence of filing of her tax returns; disclose ownership of assets; make good faith plan payments; amend her statement of current monthly income to disclose pre-petition income; comply with discovery; disclose litigation; and file a confirmable plan).

We are mindful that when considering whether to dismiss a chapter 13 case as a two-party dispute, some courts frame the analysis in terms of lack of good faith (i.e., "cause" under § 1307(c) ), rather than "unreasonable delay that is prejudicial to creditors" (i.e., § 1307(c)(1) ). See, e.g., Stathatos v. U.S. Trustee (In re Stathatos), 163 B.R. 83, 87-88 (N.D. Tex. 1993) ; In re Milstein, No. 13-17286 HRT, 2014 WL 3511526, at *3 (Bankr. D. Colo. July 15, 2014) ; In re Sherman, No. 4:09-bk-02833-JMM, 2009 WL 1607856, at *3 (Bankr. D. Ariz. June 9, 2009) ; In re Fonke, 310 B.R. 809, 817 (Bankr. S.D. Tex. 2004) ; In re Herndon, 218 B.R. 821, 825 (Bankr. E.D. Va. 1998) ; In re Klevorn, 181 B.R. 8, 11 (Bankr. N.D.N.Y. 1995). Indeed, TND argues that Stevenson lacked good faith in filing and the case was nothing more than a two-party dispute. However, as the record before us supports the bankruptcy court's decision to dismiss for unreasonable delay that was prejudicial to creditors under § 1307(c)(1), we need not address whether the record establishes that Stevenson lacked good faith when she filed her chapter 13 case.

Stevenson has not argued that conversion would have been more appropriate than dismissal. Thus, "we need go no further to plumb [the court's] reasoning with respect to its choice of one remedy over another." In re Colón Martinez, 472 B.R. at 146.