In re Joseph S. CHICCO, Debtor.

Appeal of Joseph S. CHICCO.

Appeal No. 82–9008.

United States Bankruptcy Appellate Panel for the First Circuit.

Sept. 30, 1982.

Joseph S. Chicco, pro se.

John A. Tierney, John A. Tierney, P.C., New Bedford, Mass., for appellee Anne M. Sullivan.

Joseph M. Szabo, Boston, Mass., trustee-appellee.

Before VOTOLATO, Chief Judge, JOHNSON and GOODMAN, Bankruptcy Judges.

---

GOODMAN, Bankruptcy Judge.

The debtor, Joseph S. Chicco, filed his chapter 13 petition with the bankruptcy court on June 5, 1981. On October 30, 1981, the bankruptcy court ordered Chicco to file a plan within 15 days. On November 12, Chicco moved for an enlargement of time, in response to which the bankruptcy court docket reflects the following entry:

GABRIEL, J. Conditional Order extending time to file plan ent'd. Up to and including Dec. 14/81 with no further extensions. If amended plan not filed case DISMISSED as of Dec. 15, 1981.

The docket further reflects that on December 14, 1981, the debtor filed an "AMENDMENT to Bankruptcy Chapter 13 by adding creditors (2) and deleting (1) creditor...." On December 15, 1981, the court dismissed debtor's chapter 13 petition because of debtor's failure to file an Amended Plan on or before December 14. The debtor moved in the bankruptcy court on January 11, 1982 to revoke the dismissal on the grounds that on December 14, 1981, he filed an Amended "Bankruptcy with clerk of Bankruptcy Court and paid filing fee of $10.00." That motion was denied on January 22, 1982. The debtor filed on January 29th a notice of appeal in which he purports to appeal from both the December 15, 1981 order dismissing his petition and the January 22, 1982 order denying his motion to revoke the dismissal.

■ Rule 3(a), First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts and Appellate Panels (First Circuit Rules), states in part that a "notice of appeal shall be filed ... within 10 days of the date of the entry of the judgment, order, or decree appealed from." The debtor failed to appeal from the December 15, 1981 order within 10 days. He did not request an extension of time in which to appeal, and, in any event, filed his notice of appeal more than 30 days (the maximum extension permitted) after December 15. See Rule 3(c), First Circuit Rules. While the timely filing of a motion for a new trial under Bankruptcy Rule 923 extends the time for filing an appeal, see Rule 3(b),

First Circuit Rules, Bankruptcy Rule 923 requires that such a motion be served not later than 10 days after the entry of the judgment. See Fed.R.Civ.P. 59(b); see also id. 59(e). Here, assuming that the debtor's motion to revoke the dismissal is equivalent to a motion for a new trial, the motion was not served within 10 days of the entry of the December 15 order. Because the requirement of timely filing of a notice of appeal is jurisdictional, see, e.g., In re Arkansas Wholesale Furniture, Inc., 19 B.R. 1013, 1014 (Bkrtcy.E.D.Ark.1982), debtor's appeal from the December 15 order is dismissed.

■ We construe the debtor's motion, filed in bankruptcy court, to revoke the December 15 order of dismissal as a motion for relief from judgment permitted pursuant to Bankruptcy Rule 924. Rule 924 in effect incorporates Fed.R.Civ.P. 60. "[T]he denial of postjudgment relief under Fed.R. Civ.P. 60(b) is appealable, although such an appeal does not bring up the underlying judgment for review." In re W. F. Hurley, Inc., 612 F.2d 392, 395–96 (8th Cir. 1980) (footnote omitted). The applicable standard for review is whether the bankruptcy judge abused his discretion in denying the motion. See Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

■ The debtor's petition was dismissed for failure to file an amended plan on or before December 14, 1981. In his motion to revoke dismissal, the debtor alleged only that on December 14, 1981, he filed an amended "Bankruptcy". We construe this as alleging that the bankruptcy court by mistake thought that the debtor had not complied with its order to file an amended plan when, in fact, the debtor had complied. See Fed.R.Civ.P. 60(b)(1); Transit Casualty Co. v. Security Trust Co., 441 F.2d 788, 792 (5th Cir.) cert. denied 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971). The debtor has failed to designate as a part of the record on appeal the document which he filed on December 14, 1981. In light of that fact,

the December 14 docket entry, the debtor's description of what he filed, and the debtor's allegation that he paid a $10.00 filing fee,[1] we find nothing in the record to support the debtor's contention on appeal that he timely filed, on December 14, an amended *plan.* The bankruptcy judge did not abuse his discretion in denying the debtor's motion to revoke dismissal. The January 22, 1982 Order is affirmed.

1. Pursuant to 28 U.S.C. § 1930(b), the Judicial Conference of the United States adopted in bankruptcy cases a schedule of fees including the following:

   For amendments to a debtor's schedules or lists of creditors after notice to creditors, $10.00 for each amendment, provided the bankruptcy judge may, for good cause, waive the charge in any case.
   
   Judicial Conference Schedule of Fees, Fee No. 5 *reprinted at* 28 U.S.C.A. § 1930 (Supp. 1982 at 237).