# United States Court of Appeals
## For the First Circuit

No. 01-2558

PEGGY A. HOWARD,

Debtor, Appellant,

v.

LEXINGTON INVESTMENTS, INC.

Appellee,

DOREEN B. SOLOMON,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Lynch, Circuit Judge,

Campbell and Bownes, Senior Circuit Judges.

David G. Baker for appellant.
Doreen B. Solomon for appellee, Chapter 13 Trustee.
Michael J. Markoff for appellee, Lexington Investments, Inc.

April 2, 2002

**CAMPBELL, <u>Senior Circuit Judge</u>**.  Peggy Howard ("Howard") appeals from the district court's affirmance of the order of the bankruptcy court dismissing her Chapter 13 petition and overruling her objection to the proof of claim of Lexington Investments, Inc. ("Lexington").  We affirm, holding that Howard's non-compliance with the bankruptcy court's order to file state tax returns by a specified date provided an adequate ground for the court to dismiss her Chapter 13 petition and renders moot the issue of whether Lexington's proof of claim was valid in the Chapter 13 proceeding.

**I.      Background**

Howard filed her first petition under Chapter 13 of the Bankruptcy Code[1] in 1992; that was dismissed, before confirmation of a plan, upon a motion of the Chapter 13 Trustee.  Her second Chapter 13 petition, filed in 1994, was likewise dismissed on motion of the Chapter 13 Trustee, although after a plan had been confirmed.

---

[1]11 U.S.C. § 109(e) (1994) provides for the qualifications a debtor must meet to file a petition under Chapter 13 of the Bankruptcy Code.  A petition under Chapter 13 offers several advantages not available to debtors filing pursuant to Chapter 7. Chapter 13 debtors keep all their property in return for an agreement to pay the trustee all their income above a court-approved budget. 11 U.S.C. § 1306(b).  The trustee distributes the money pro rata to creditors, and at the end of three to five years the remaining debts are discharged.  11 U.S.C. § 1328(a).  The regular discharge in a Chapter 13, the so-called "super discharge," is much broader than the discharge available in a Chapter 7.  <u>Id.</u> To obtain these benefits, Chapter 13 debtors are required to act swiftly.  They must file a plan within 15 days of the petition, Bankruptcy Rule 3015, and must commence payments under the plan within 30 days, 11 U.S.C. § 1326.  Failure to act in a timely manner is grounds for dismissal.  11 U.S.C. § 1307(c).

Howard filed her third and present voluntary petition under Chapter 13 of the Bankruptcy Code on July 26, 2000. On August 29, 2000, she submitted a plan of reorganization. On December 14, 2000, Howard submitted a First Amended Plan in which she denied the validity of a mortgage held by Lexington and made no provision for its payment. Lexington's claim of $72,509.67 was predicated on a promissory note Howard had executed in 1986. In refusing to pay any part of Lexington's claim, Howard asserted that the mortgage violated the Massachusetts Consumer Cost Credit Disclosure Act. Because the amended plan did not provide for payment of its mortgage, Lexington objected to it.

Lexington was not the only creditor dissatisfied with Howard's amended plan. Both the Internal Revenue Service ("IRS") and the Massachusetts Department of Revenue ("MDOR") had filed proofs of claim for unpaid tax obligations. During the past decade, Howard had failed to file returns and had not paid her federal and state income taxes. Absent data which the returns would provide, the IRS and the MDOR were both forced to estimate their claims against Howard. Because of the lack of accurate data from which to determine Howard's state tax obligation, the MDOR objected to the amended plan.

On February 12, 2001, at a non-evidentiary hearing, the bankruptcy court sustained the MDOR's objection to the amended plan. The court issued orally an order to show cause why the petition should not be dismissed, and directed Howard to file all her remaining unfiled income tax returns by March 12, 2001. On

March 13, 2001, Howard requested additional time to file her tax returns. Based on the returns that were completed, the MDOR and the IRS amended their proofs of claim. On March 23, 2001, Howard filed a Second Amended Plan that supposedly took into account the IRS's and the MDOR's amended claims but still omitted Lexington's claim.

On March 26, 2001, the bankruptcy court held another non-evidentiary hearing in which it overruled Howard's objection to Lexington's proof of claim and denied her motion for an extension of time within which to file her tax returns. In addition, the court addressed whether the first or second amended plan could be confirmed. The MDOR stated that it would object to any plan proposed by Howard until she had filed all her state tax returns so that it could accurately assess her liability. By the time of the March 26 hearing, Howard had yet to file state income tax returns for 1990, 1991, 1992 and 1993. Lexington also objected to the plan because of its omission of any provision for Lexington's proof of claim. The Chapter 13 Trustee advised the court that both the first and second amended plans were not feasible and argued that dismissal was in the best interest of the creditors. Moreover, according to the Trustee, any further delay in creating a feasible plan would prejudice the creditors. While Howard conceded that the plan before the court was not feasible she argued that, given additional time, she could complete her tax returns and address the disputed Lexington proof of claim. The bankruptcy court dismissed Howard's petition because she had failed to file her tax returns as

directed and had also failed to propose a confirmable plan. The bankruptcy court's decision was affirmed on appeal by the district court.

## I.        Discussion

We review the bankruptcy court's decision to dismiss Howard's Chapter 13 petition for abuse of discretion. See In re Chicco, 23 B.R. 292, 293 (1st Cir. BAP 1982); In re Ortiz, 200 B.R. 485, 489 (D.P.R. 1996). To dispose of this appeal, it is sufficient to address the narrow issue of whether the bankruptcy court abused its discretion when it dismissed Howard's petition for, among other reasons, her failure to comply with the court's order to file her state income tax returns by March 12, 2001. A bankruptcy court abuses its discretion if it ignores "a material factor deserving of significant weight," relies upon "an improper factor" or makes " a serious mistake in weighing proper factors." Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co., 864 F.2d 927, 937 (1st Cir. 1988). Such is not the case here.

Pursuant to Massachusetts Local Bankruptcy Rule 13-9(c), a debtor is required to "file any due but unfiled tax returns no later than the deadline for filing claims, unless the time to do so is extended by the Court." In this case, the deadline for filing claims had been January 22, 2001. However, the bankruptcy court initially extended the time for Howard to complete her tax returns to April 22, 2001. During the February 12, 2001, hearing the court, sua sponte, cut back that date, ordering Howard to file her tax returns by March 12, 2001. The reduced extension of time

allowed Howard an additional six weeks beyond the deadline established by Local Rule 13-9(c) to file her returns.

It was entirely appropriate for the bankruptcy court to have set and enforced a deadline in which Howard must file her tax returns. 11 U.S.C. § 105(a) of the Bankruptcy Code states that a court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The powers bestowed upon the court in § 105(a) include the equitable and discretionary power to dismiss a case under § 1307(c).[2] By the time of the March 26 hearing, Howard still had not filed all her state tax returns. Absent an accurate accounting of Howard's tax obligation, the MDOR would not agree to any plan. Further, Howard was already in arrears under the plan.[3] Thus, a further delay would only prejudice creditors and made the feasibility of any plan

---

[2] 11U.S.C. § 1307(c) provides, in pertinent part:
   [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may . . . dismiss a case under this chapter, whatever is in the best interest of the estate, for cause, including –
   (1) unreasonable delay by the debtor that is prejudicial to the creditors;
                    * * *
   (4) failure to commence making timely payments under section 1326 of this title;
   (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan:
   . . . .

[3] 11 U.S.C. § 1326(a)(1) requires a debtor to commence making payments under a proposed plan within 30 days after the plan is filed. Howard's first payment was due to the Chapter 13 Trustee on approximately September 30, 2000. The trustee holds all payments until the plan is confirmed or dismissed. At that point the money is either disbursed to the creditors or returned to the debtor.

unlikely. See In re Gonzalez, 99 B.R. 188, 191 (Bankr. D.P.R. 1989) (dismissing case for failure to comply with court order that resulted in delay to creditors).

The unfiled state tax returns created a major impediment to the creation of a confirmable plan. The passage of further time awaiting their filing would prejudice creditors. Under the circumstances, given that Howard did not file her tax returns within the time allotted by the court, it was not an abuse of discretion for the bankruptcy court to dismiss the Chapter 13 petition. See In re Crayton, 169 B.R. 243, 245 (Bankr. S.D.Ga. 1994) (dismissing for failure to file federal tax returns within six months after filing petition). Appellee also argues, with some force, that the bankruptcy court did not err in determining that the plan was not feasible. We need not consider this issue, however, since the court was well within its authority to dismiss the petition in view of the overdue state tax filings. And since the court properly dismissed the Chapter 13 proceeding, the question of whether or not Howard's objection to Lexington's claim was barred on res judicata grounds is moot. See In re Stardust Inn, Inc., 70 B.R. 888, 889 (Bankr. E.D.Pa. 1987) (and cases cited therein). Affirmed.