Baboucar B. TAAL, Debtor.

Baboucar B. Taal, Appellant,

v.

Lawrence P. Sumski, Chapter 13 Trustee, Appellee.

BAP No. 13–041.
Bankruptcy No. 13–11253–BAH.

United States Bankruptcy Appellate Panel for the First Circuit.

Jan. 30, 2014.

Baboucar B. Taal, Pro Se, on brief for Appellant.

Lawrence P. Sumski, Esq., Manchester, NH, on brief for Appellee.

Before HILLMAN, BOROFF, and GODOY, United States Bankruptcy Appellate Panel Judges.

BOROFF, Bankruptcy Judge.

Baboucar B. Taal (the "Debtor") appeals *pro se* from the order dismissing his chap-

ter 13 case for failure to complete, within the statutory time period, the credit counseling required pursuant to 11 U.S.C. § 109(h)(1).[1] For the reasons set forth below, the Panel **AFFIRMS.**

### BACKGROUND

On May 13, 2013, the Debtor filed a chapter 13 bankruptcy petition. With the petition, the Debtor also filed a certificate indicating that he had received an individual [or group] briefing that complied with the provisions required by §§ 109(h)(1) and 111. The certificate, however, reflected that the Debtor received the credit counseling 259 days prior to the petition date. Although § 109(h)(1) requires the credit counseling course to be taken within 180 days preceding the petition date (subject to certain exceptions to be discussed below), the Debtor did not refer to any exigent circumstances excusing his failure to obtain the credit counseling during the required time frame. Rather, he incorrectly (or falsely) represented that he had obtained the counseling within 180 days of filing his petition.[2] Seven days later, on May 20, 2013, the Debtor filed a second credit counseling certificate, which indicated that he completed a second credit counseling course, albeit five days *after* his bankruptcy petition was filed.

On May 23, 2013, the chapter 13 trustee moved to dismiss the case (the "Dismissal Motion") on the grounds that the Debtor was ineligible to be a debtor because he failed to complete credit counseling within 180 days preceding the petition date, as required by § 109(h)(1). The Debtor objected, relying solely on the fact that, by that time, he had received further credit counseling as evidenced by the second credit counseling certificate. He subsequently amended his objection, arguing that: (1) he was exempt from § 109(h)(1)'s temporal requirement under § 109(h)(3)(B);[3] and (2) the court should, as an equitable exercise, deem the Dismissal Motion moot.

At the hearing on the Dismissal Motion, the Debtor expanded on his exemption argument. He maintained that the exigent circumstances exception described in § 109(h)(3)(A) applied because he: "[(1)] had to pay a filing fee in another court, during that same time period, and [(2)] did not have funds available to pay for a credit counseling course." In its Order Granting Motion to Dismiss Case, the bankruptcy court principally addressed and rejected the Debtor's exigent circumstances argument, dismissing the case on account of the Debtor's failure to satisfy the requirements of § 109(h)(1). This appeal followed.

1. Unless expressly stated otherwise, all references to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

2. Exhibit D to Official Form 1 (the petition) must be filed by an individual debtor. *See* Fed. R. Bankr.P. 9009, Official Form 1 Ex. D. Exhibit D requires the debtor to indicate whether he or she received the credit counseling course within 180 days prior to the petition date, whether the debtor requested credit counseling services and was unable to timely receive those services and exigent circumstances exist to merit a temporary waiver of the credit counseling requirement, or whether

the debtor is not required to receive credit counseling due to incapacity, disability, or active military duty. The debtor must sign the statement regarding compliance with the credit counseling requirement under the pains and penalties of perjury.

3. While § 109(h)(3)(A) allows a waiver of the 180–day requirement under certain exigent circumstances, subsection (B) (cited by the Debtor) explains that the exigent circumstances exception is only temporary, requiring a debtor to file a credit counseling certificate, at the very latest, within 45 days following the petition date.

## JURISDICTION AND STANDARD OF REVIEW

A bankruptcy appellate panel is "duty-bound" to determine its jurisdiction before proceeding to the merits, even if the litigants have not raised the issue. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724, 725 (1st Cir. BAP 1998). A panel may hear appeals from "final judgments, orders, and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). An order dismissing a chapter 13 case is a final, appealable order. *Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz)*, 341 B.R. 371, 375 (1st Cir. BAP 2006) (citation omitted). Accordingly, the order dismissing the case is a final order, and we have jurisdiction to hear this appeal.

On review, we will not disturb the bankruptcy court's factual findings unless they are clearly erroneous, while conclusions of law are reviewed *de novo. See Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir.2010). And we review an order dismissing a chapter 13 case for abuse of discretion. *How-*ard v. Lexington Invs., Inc., 284 F.3d 320, 322–23 (1st Cir.2002) (citations omitted). "A bankruptcy court abuses its discretion if it ignores a material factor deserving of significant weight, relies upon an improper factor or makes a serious mistake in weighing proper factors." *Id.* at 323 (internal quotations marks and citation omitted).

## DISCUSSION

The bankruptcy court dismissed the Debtor's case because he failed to obtain credit counseling within the statutory time period. On appeal, the Debtor argues that he *did* obtain credit counseling within the statutory time period.[4]

Section 109(h)(1) sets out the credit counseling requirement; it provides that:

an individual may not be a debtor under this title unless such individual has, *during the 180–day period ending on the date of filing of the petition by such individual,* received from an approved nonprofit budget and credit counseling agency ... an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (emphasis added).

Regardless of the efficacy of this requirement to its congressional purpose,[5]

---

4. The Debtor also raises a new argument on appeal, contending that his due process rights were violated. It is well settled that arguments not raised in the bankruptcy court cannot be raised for the first time on appeal. *See Khan v. Bankowski (In re Khan)*, 375 B.R. 5, 13 (1st Cir. BAP 2007). Therefore, these arguments are not properly before us.

5. *See, e.g.,* Yvana L.B.H. Mols, *Bankruptcy Stigma and Vulnerability: Questioning Autonomy and Structuring Resilience*, 29 Emory Bankr. Dev. J. 289 (2012); Jeffrey D. Eaton, *Locked Out: The Unwary Debtor and BAPCPA's Pre-File Credit Counseling Requirement*, 32 T. Jefferson L. Rev. 261 (Spring 2010);

Andrew P. MacArthur, *Pay to Play: The Poor's Problems in the BAPCPA*, 25 Emory Bankr. Dev. J. 407 (2009); Robert M. Lawless, Angela K. Littwin, Katherine M. Porter, John A.E. Pottow, Deborah K. Thorne & Elizabeth Warren, *Did Bankruptcy Reform Fail? An Empirical Study of Consumer Debtors*, 82 Am. Bankr. L.J. 349 (Summer 2008); U.S. Gen. Accounting Office, *Bankruptcy Reform: Value of Credit Counseling Requirement is Not Clear* (2007), available at <http://www.gao.gov/new.items/d07203.pdf> (last visited Jan. 24, 2014); Michael Newman, *BAPCPA's New Section 109(h) Credit Counseling Requirement: Is it Having the Effect Congress Intended?*, 2007 Utah L. Rev. 489 (2007); Nathalie Martin & Ocean

debtors must take the required credit counseling course within 180 days prior to the petition date and must file a certificate of compliance within 14 days of filing the petition. 11 U.S.C. § 521(b)(1); Fed. R. Bankr.P. 1007(c). The Debtor did not complete a credit counseling course within 180 days prior to the petition date—the first course was completed 259 days *prior* to the petition date and the second course was completed 5 days *after* the petition date. Accordingly, it was certainly not error to find that neither certificate satisfied the statutory requirement.

But there are three exceptions to the § 109(h)(1) credit counseling requirement. First, a debtor is not required to file a credit counseling certificate if there are no approved credit counseling agencies available. 11 U.S.C. § 109(h)(2)(A). Second, the credit counseling requirement may be waived by the court if the debtor is unable to complete the requirement owing to the debtor's "incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4). Neither of these exceptions apply here, and neither was argued below.

■ The third exception to the credit counseling requirement is set forth in § 109(h)(3) (the "exigent circumstances"

exception). Pursuant to that subsection, a debtor may obtain a temporary deferral of the requirement to file a credit counseling certificate (up to 45 days), if the debtor:

> ... submits to the court a certification that—
>
> (i) describes exigent circumstances that merit a waiver of the [credit counseling requirement];
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services ... during the 7–day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A). To qualify for the exigent circumstances exception, a debtor must satisfy all three elements. *In re Fiorillo*, 455 B.R. 297, 302 (D.Mass. 2011); *In re Falcone*, 370 B.R. 462, 465 (Bankr.D.Mass.2007).

■ In connection with the Debtor's exigent circumstances argument,[6] the bankruptcy court found that the Debtor's request for an exemption conflicted with the sworn statement the Debtor made on Exhibit D regarding his alleged timely

Tama y Sweet, *Mind Games: Rethinking BAPCPA's Debtor Education Provisions*, 31 S. Ill. U.L.J. 517 (Spring 2007); Margaret Howard, *The Law of Unintended Consequences*, 31 S. Ill. U.L.J. 451 (Spring 2007); Katherine A. Jeter–Boldt, *Good in Theory, Bad in Practice: The Unintended Consequences of BAPCPA's Credit Counseling Requirement*, 71 Mo. L. Rev. 1101 (Fall 2006); Jacob Ziegel, *Facts on the Ground and Reconciliation of Divergent Consumer Insolvency Philosophies*, 7 Theoretical Inquiries in Law 299 (July 2006); Karen Gross & Susan Block–Lieb, *Empty Mandate or Opportunity for Innovation? Pre–Petition Credit Counseling and Post–Petition Financial Management Education*, 13 Am. Bankr. Inst. L. Rev. 549 (Winter 2005); *see also* A. Mechele Dickerson, *Can Shame, Guilt, or Stigma*

*be Taught? Why Credit–Focused Debtor Education May Not Work*, 32 Loy. L.A. L. Rev. 945 (June 1999).

**6.** The record reflects that the Debtor did not submit a written certification with respect to his request for an exigent circumstances exception. Rather, he argued as to the existence of exigent circumstances at the hearing on the Dismissal Motion. By this decision, we need not address what form the certification should take. *Compare In re Kernan*, 358 B.R. 537, 540 (Bankr.D.Conn.2007) (holding that a debtor's statement on the record was sufficient to satisfy the certificate requirement), *with In re Cobb*, 343 B.R. 204, 207–08 (Bankr.E.D.Ark.2006) (dismissing the case for failure to file a certificate).

completion of the credit counseling requirement, and found the Debtor's "ad hoc attempt to obtain an exemption" was unsatisfactory. And the court further found that the Debtor did not attempt to obtain credit counseling within the required time frame. We can find nothing in the record that suggests that the bankruptcy court's findings were clearly erroneous.

The Debtor has also argued that he did not have the funds to pay for the credit counseling course. Assuming the truth of that unsupported statement, and even assuming (without deciding) that an inability to afford the cost of credit counseling could constitute an "exigent circumstance" under § 109(h)(3)(A)(i), the Debtor nowhere indicated that he had requested, and been unable to receive, credit counseling services within 7 days of his request.[7] Accordingly, the bankruptcy court did not abuse its discretion when it rejected the Debtor's claim of entitlement to the exigent circumstances exemption under § 109(h)(3).

### CONCLUSION

Having found no error, we cannot disturb the bankruptcy court's findings—or its conclusion—that the Debtor did not meet the credit counseling requirement under § 109(h)(1). The record reflects that the bankruptcy court duly applied the incontrovertible facts to the applicable statute and determined dismissal was warranted. Neither the Debtor, nor the rec-

---

7. We take judicial notice that, where a debtor so qualifies, approved credit counseling agencies must waive their fee. *See* 28 C.F.R. § 58.21.

8. Because we have determined that the bankruptcy court did not abuse its discretion in dismissing the Debtor's case, we need not address the question of whether failure to satisfy the credit counseling requirement *requires* dismissal or whether dismissal is within the court's discretion. *Compare e.g., In re*

ord, demonstrates that the court abused its discretion. Having found no reason for doing otherwise, we **AFFIRM.**[8]

*Diaz,* No. 13–02932, 2013 WL 1771485, at *2 (Bankr.D.P.R. Apr. 25, 2013) (dismissing a case after finding that the debtor did not satisfy the credit counseling certificate requirement), *and In re Duplessis,* No. 06–14747, 2007 WL 118945, at *3 (Bankr. D.Mass. Jan. 11, 2007) (adhering to strict-dismissal approach, absent very extraordinary circumstances), *with In re Mattingly,* No. 08–10883, 2008 WL 2559387 (Bankr.D.Mass. June 23, 2008) (adopting discretionary approach).