NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. EB 23-029**

---

**Bankruptcy Case No. 23-10153-MAF**

---

**JODIE LOUISE BYRNE,**
Debtor.

---

**JODIE LOUISE BYRNE,**
Appellant.

---

**Appeal from the United States Bankruptcy Court
for the District of Maine
(Hon. Michael A. Fagone, U.S. Bankruptcy Judge)**

---

**Before
Finkle, Chief U.S. Bankruptcy Appellate Panel Judge;
Lamoutte and Katz,
U.S. Bankruptcy Appellate Panel Judges.**

---

**Jodie Louise Byrne, pro se, on brief for Appellant.**

---

**June 6, 2024**

---

**Finkle, Chief U.S. Bankruptcy Appellate Panel Judge.**

Jodie Louise Byrne (the "Debtor") appeals from the bankruptcy court's order denying her motion to reconsider its order dismissing her chapter 13 case for failure to timely pay an installment toward her filing fee. As discussed below, the Debtor's notice of appeal also encompasses the underlying dismissal order, and we **SUMMARILY AFFIRM** both orders.

<u>BACKGROUND</u>[1]

**I.      The Bankruptcy Filing and the Installment Payment Order**

On August 7, 2023, the Debtor filed a voluntary petition for chapter 13 relief without paying the required filing fee.[2] By its order entered on August 11, 2023, the bankruptcy court granted the Debtor's oral motion to pay the filing fee in installments (the "installment payment order").[3] That order prescribed four installments of $78.25 each, to be paid on September 6, 2023, October 6, 2023, November 6, 2023, and December 5, 2023. It also warned:

> If the debtor misses any of the deadlines set forth in this order, this case will be dismissed without further notice or hearing under 11 U.S.C. § 1307(c) and the Court will impose a ban on the filing of a subsequent bankruptcy petition by the debtor under 11 U.S.C. § 349(a).

Thereafter, the Debtor filed an amended plan of reorganization, and a hearing on confirmation was scheduled for December 14, 2023.

---

[1] References to specific statutory sections are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, unless otherwise noted. References to "Rule" are to the Federal Rules of Civil Procedure, and references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

[2] The Debtor filed a prior chapter 13 case that was dismissed in November 2022, under § 1307(c), for failure or inability to obtain confirmation of a plan within a reasonable time.

[3] The bankruptcy court's docket reflects that the court considered the Debtor's oral motion at an August 10, 2023 hearing on an order to show cause why the case should not be dismissed for failure to comply with the credit counseling requirement and to pay the filing fee.

## II.     The Dismissal Order

After the Debtor failed to pay the third installment toward her filing fee or to request additional time for compliance, the bankruptcy court entered an order on November 20, 2023, dismissing the case for cause under § 1307(c) (the "Dismissal Order").  The Dismissal Order was "with prejudice to the debtor's right to commence a voluntary case under any chapter of the United States Bankruptcy Code in any court through and including April 20, 2024," pursuant to § 349(a).

As grounds for the ban against future filings, the bankruptcy court explained that the Debtor's "performance in connection with [the underlying] case and another recent attempt to obtain chapter 13 relief" had "been woefully deficient."  The court elaborated:

> In neither case has the debtor shown a good faith effort to perform the duties imposed by law on an individual who seeks a chapter 13 discharge.  Chapter 13 is complex, and the debtor has attempted to navigate the process without the benefit of counsel.  That said, the debtor has been given as much in the way of explanation and latitude as any litigant can reasonably expect from any court.  Based on a review of the filings in this case and in the debtor's prior case—Case No. 22-10117—and based on the representations made by the debtor in multiple hearings in both cases, the Court is left with the definite and firm conviction that the debtor does not understand the importance of (or is not interested in) disclosing the true extent of her financial affairs in connection with a bankruptcy case.

The bankruptcy court highlighted that it had previously warned the Debtor in the installment payment order about the risk of dismissal and added that this warning "should not have come as a surprise to the debtor: similar warnings were given to the debtor during the hearing" on August 10, 2023.

## III.     The Order Denying Reconsideration

The Debtor filed a motion for reconsideration of the Dismissal Order on November 21, 2023 (the "Reconsideration Motion"), complaining of societal "abuse" and mistreatment by the government and an unnamed educational institution.  She attempted to explain:

3

> I am not receiving timely payments and I have been incredibly abused and if I forgot to pay the court fee I apologize. If I can not [sic] combat the abuse that society is tossing at me is that my fault?

> The govt [sic] is not disbursing the payments on time. The university will hold the next payment for the 20th until the 27th to maximize the interest profits on the student loans the govt [sic] disburses.

The Debtor did not cite any authority for the requested relief or point to any error by the bankruptcy court in dismissing the case. Instead, she filed a motion seeking permission to submit evidence in support of reconsideration and a "Motion to Stay the Assets" until the reinstatement of her case.

On November 27, 2022 (approximately two weeks before the hearing on confirmation), the bankruptcy court entered an order denying the Reconsideration Motion (the "Order Denying Reconsideration"), concluding that the Debtor's motion did "not meet the standard for reconsideration of a final order under Rules 59 or 60 . . . ." The bankruptcy court reasoned that the Debtor had not identified any error "in dismissing the case when she failed to pay the third installment of her filing fee in a timely manner." It added: "Even if some student loan proceeds were not disbursed to the debtor on the schedule she anticipated—and there is not sufficient evidence in the debtor's motion for the Court to make that factual finding—the debtor nevertheless remained obligated to pay the filing fee installments in a timely manner." In the same order, the bankruptcy court also summarily denied the Debtor's requests for a stay and to submit evidence in support of reconsideration.

## IV.    The Appeal

The Debtor filed a notice of appeal from the Order Denying Reconsideration. She requested a stay pending appeal, which the bankruptcy court denied. The Debtor then renewed her stay request with the Panel, without success.

## SCOPE OF THE APPEAL

The Debtor's notice of appeal, which is not on the official form, bears the caption: "Appealing the Order Denying Reconsideration." Although the Debtor does not explicitly reference the Dismissal Order in the notice of appeal, we are permitted to extend our review to that order. See Fed. R. Bankr. P. 8003(a)(5)(B) (stating "[t]he notice of appeal encompasses the final judgment, . . . if the notice identifies[ ] an order described in Rule 8002(b)(1)"). Additionally, the bolded text of the Debtor's notice of appeal, stating "I appeal all the Denials," adequately expresses her intention to appeal from the Dismissal Order. See Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 41 (1st Cir. 2020) (considering "whether the appellant's intent to appeal the underlying order is manifest" when determining whether a notice of appeal designating only an order denying reconsideration permits review of the underlying order). Accordingly, this appeal encompasses the Order Denying Reconsideration and the Dismissal Order.

## THE DEBTOR'S POSITION ON APPEAL

The Debtor does not dispute that she failed to make the third installment payment toward her filing fee. Instead, by way of explanation, she states that she "forgot during the cold winter nights" and adds that she was not "concerned regarding the due date to the letter." The Debtor argues that the Dismissal Order "was hastily written and is full of false accusations . . . ." She complains, without referencing the record or providing legal citations, that the bankruptcy court dismissed the case "without asking why the fee was late" and seems to suggest that the timing of the dismissal—two weeks before the hearing on confirmation—was improper. The Debtor also maintains that the five-month ban on filing was unjustified and the Dismissal Order "was insulting and hurtful."

5

Finally, the Debtor's brief contains significant amounts of extraneous material, including references to her travels after entry of the Dismissal Order, her housing issues, a housing bill, the court system in Maryland, and "the broken courts" and "housing problem" in the United States, to name a few. These references are germane only to the extent that they illustrate the deficiencies in the Debtor's brief—an issue which drives the disposition of this appeal.[4]

## APPELLATE JURISDICTION

### I. Finality

We have jurisdiction to hear appeals from final orders. See 28 U.S.C. § 158(a)-(c); see also Ritzen Grp., Inc. v. Jackson Masonry, LLC, 589 U.S. 35, 39 (2020). "An order dismissing a [c]hapter 13 case is a final, appealable order." Benoit v. Deutsche Bank Nat'l Tr. Co. (In re Benoit), 564 B.R. 799, 804 (B.A.P. 1st Cir. 2017) (citations and internal quotation marks omitted), and because the Dismissal Order is final, so too is the Order Denying Reconsideration. See Mondríguez-Torres v. Castillo Lopez (In re Castillo Lopez), 629 B.R. 322, 327 (B.A.P. 1st Cir. 2021) (stating an order denying reconsideration is final if the underlying order is final and together the two orders end the litigation on the merits).

### II. Mootness

Mindful, however, that finality "is not the sole determinant for establishing appellate jurisdiction," Asociación de Empleados del Estado Libre Asociado de P.R. v. Mojica Nieves (In re Mojica Nieves), 647 B.R. 809, 823-24 (B.A.P. 1st Cir. 2023) (citation and internal quotation marks omitted), we must also consider whether mootness deprives us of jurisdiction to hear any

---

[4] Although the Debtor accuses the bankruptcy court of libel in her brief, that accusation is easily dispatched. First, it is made for the first time on appeal, and is therefore waived. See Abdallah v. Bain Capital LLC, 752 F.3d 114, 121 (1st Cir. 2014). Second, it is wholly unsupported by any record references or legal authorities, let alone any cogent argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (stating "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (citations omitted).

part of this appeal. Berkowitz v. Invaleon Techs. Corp. (In re Rowley Solar LLC), 650 B.R. 742, 750 (B.A.P. 1st Cir. 2023). The question here is whether the passage of time has rendered moot the unstayed ban on future bankruptcy filings by the Debtor.

To the extent that the Debtor seeks review of the bankruptcy court's imposition of the § 349(a) bar against future filings until April 20, 2024, mootness is implicated. See Unión de Empleados de Muelles de P.R., Inc. v. Int'l Longshoremen's Ass'n, 884 F.3d 48, 57 (1st Cir. 2018) ("Article III prohibits federal courts from deciding 'moot' cases or controversies —that is, those in which the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation and some internal quotation marks omitted); see also Rochman v. Ne. Utils. Serv. Grp. (In re Pub. Serv. Co. of N.H.), 963 F.2d 469, 471 (1st Cir. 1992). Because the "injunction against refiling has expired, there is presently no reviewable controversy." Carey v. Askenase (In re Carey), 221 B.R. 571, 572 (B.A.P. 1st Cir. 1998) (citing Frieouf v. United States (In re Frieouf), 938 F.2d 1099 (10th Cir. 1991) (a bankruptcy court's denial of all access to bankruptcy relief for 180 days is not reviewable after the 180 days have passed)); see also Nemeth v. Cohen (In re Nemeth), BAP No. CC-16-1230-LNTa, 2017 WL 586434, at *5 (B.A.P. 9th Cir. Feb. 13, 2017) (ruling chapter 13 debtor's appeal of bankruptcy court's order imposing 180-day bar to refiling was moot because the 180 days expired). Therefore, the Debtor's appeal of the filing ban has become moot, and we lack jurisdiction to consider that aspect of this appeal.

**STANDARDS OF REVIEW**

An order dismissing a chapter 13 petition for failure to comply with a bankruptcy court order is reviewed for abuse of discretion. Howard v. Lexington Invs., Inc., 284 F.3d 320, 322-23 (1st Cir. 2002); see also In re Benoit, 564 B.R. at 804-05 (reviewing an order dismissing a case under § 1307 for abuse of discretion). Orders denying requests for reconsideration under

7

Bankruptcy Rule 9023 and orders denying motions for relief from judgment under Bankruptcy Rule 9024 are also reviewed for abuse of discretion. See In re Castillo Lopez, 629 B.R. at 327 (regarding Bankruptcy Rule 9023); Sharma v. Pappalardo (In re Sharma), 647 B.R. 795, 805 (B.A.P. 1st Cir. 2023) (regarding Bankruptcy Rule 9024).

## DISCUSSION

### I. The Standards

#### A. The § 1307(c) Standard Governing Dismissal

"[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court," for cause, "may" dismiss a case under chapter 13 or convert the case to one under chapter 7, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1307(c). "It is well established that a bankruptcy court may dismiss or convert a case under § 1307 sua sponte." Karamoussayan v. Mass. Dep't of Revenue (In re Karamoussayan), 656 B.R. 652, 662 (B.A.P. 1st Cir. 2024) (citations omitted). Dismissal under § 1307(c) is committed to the bankruptcy court's discretion. In re Benoit, 564 B.R. at 805 (citing Howard, 284 F.3d at 322-23).

"Cause for dismissal is not specifically defined in [§] 1307, but subsection (c) sets forth [a] non-exclusive list of eleven examples of cause," In re Acevedo, No. 12-12393-JNF, 2014 WL 1664255, at *3 (Bankr. D. Mass. Apr. 25, 2014) (citations omitted), including "nonpayment of any fees . . . required under chapter 123 of title 28." 11 U.S.C. § 1307(c)(2). 28 U.S.C. § 1930(a)(1)(B) requires the payment of filing fees for a case commenced under chapter 13 of title 11. Thus, nonpayment of the filing fee is grounds to dismiss a chapter 13 case. In re Hayes, No. 23-61366, 2024 WL 994245, at *7 (Bankr. W.D. Va. Mar. 7, 2024); see also Aponte v. Copley (In re Aponte), No. 2:18-cv-05108, 2019 WL 3833469, at *3 (E.D. Pa. Aug. 15, 2019)

8

(acknowledging that failure to pay filing fee constitutes a valid reason for dismissal of a chapter 13 case).

Bankruptcy Rule 1006(b)(2) allows for the payment of the filing fee required by 28 U.S.C. § 1930(a)(1) in a maximum of four installments, with the final installment payable not later than 120 days after the filing of the bankruptcy petition. See Fed. R. Bankr. P. 1006(b)(2); see also In re Moore, No. 98-23357-K, 1998 WL 35324070, at *2 n.1 (Bankr. W.D. Tenn. Sept. 30, 1998). However, "[f]or cause shown, the court may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition." Fed. R. Bankr. P. 1006(b)(2). Failure to pay all the installments within the 180 days is cause for dismissal. See In re Moore, 1998 WL 35324070, at *2 n.1.

### B.    Standards for Motions to Reconsider Dismissal Orders

Although the Debtor did not cite any rule in the Reconsideration Motion, the bankruptcy court referenced Rules 59 and 60 in the Order Denying Reconsideration, stating the Debtor had not met the requirements of either rule.

Under Rule 59(e), made applicable to bankruptcy proceedings by Bankruptcy Rule 9023, the movant may seek "to alter or amend a judgment." Fed. R. Civ. P. 59(e); see also Fed. R. Bankr. P. 9023. To prevail under this rule, the movant "must either clearly establish a manifest error of law or fact or must present newly discovered evidence that could not have been discovered during the case." Nieves Guzmán v. Wiscovitch Rentas (In re Nieves Guzmán), 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (citations omitted). Rule 60(b), made applicable to bankruptcy proceedings by Bankruptcy Rule 9024, authorizes the court to grant relief "from a final judgment, order, or proceeding" for "excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6); see also Fed. R. Bankr. P. 9024.

9

## II.    The Debtor's Failure to Provide an Adequate Brief

As a threshold matter, we are confronted with a deficient brief and a paltry record.  These shortcomings preclude our review under the above legal framework and are dispositive of this appeal.

### A.    The Brief's Noncompliance with Bankruptcy Rule 8014

The Debtor's brief lacks the following components required by Bankruptcy Rule 8014: a table of authorities, a statement of the basis of appellate jurisdiction (both the bankruptcy court's and the BAP's), the applicable standard of appellate review, and an argument containing the contentions of the appellant with essential citations to the authorities, statutes, and parts of the record relied on.  See Fed. R. Bankr. P. 8014 (specifying the items an appellant's brief "must contain"); see also 1st Cir. BAP L.R. 8014-1 (regarding briefing requirements).  Moreover, the Debtor's brief does not contain a single citation to the record or to any legal authorities.  See Fed. R. Bankr. P. 8014(a)(8) (stating appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies"); see also Fed. R. Bankr. P. 8014(a)(6) (requiring appellant's brief to contain a statement of the case, with "references to the record").

"Bankruptcy Rule 8014 is written in mandatory terms . . . ."  Harrington v. Maali (In re Ortega), 629 B.R. 529, 537 (B.A.P. 1st Cir. 2021) (citations omitted), aff'd, No. 21-9006, 2022 WL 18862992 (1st Cir. Aug. 9, 2022).  "An appellate court may, in its discretion, deem an argument waived if it is not presented in accordance with Bankruptcy Rule" 8014.  Ross v. Educ. Credit Mgmt. Corp. (In re Ross), BAP No. MW 03-085, 2004 WL 6030762, at *3 (B.A.P. 1st Cir. June 4, 2004) (citing Brewer v. Erwin & Erwin, P.C. (In re Marquam Inv. Corp.), 942 F.2d 1462, 1467 (9th Cir. 1991); Joelson v. Brown (In re Brown Family Farms, Inc.), 872 F.2d 139, 142 (6th Cir. 1989)).  Bankruptcy Rule 8014 "is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some

10

indication of which flaws in the appealed order or decision motivate the appeal." Sirikanjanachai v. Massachusetts (In re Sirikanjanachai), BAP No. MB 20-003, 2020 WL 7647510, at \*6 (B.A.P. 1st Cir. Dec. 21, 2020) (citations omitted); see also Reyes-Garcia v. Rodriguez & Del Valle, Inc., 82 F.3d 11, 14 (1st Cir. 1996) (stating procedural rules "ensure fairness and orderliness" and "establish a framework . . . for forging enlightened decisions").

**B.  The Brief's Lack of Developed Argumentation**

In addition to the requirements of Bankruptcy Rule 8014, First Circuit case law instructs that an appellant's brief must include "developed argumentation." Reyes-Garcia, 82 F.3d at 13-14. The Debtor's brief is deficient in this regard as well. The Debtor fails to present any adequate substantive arguments in support of reversal of either order on appeal.

In challenging the Dismissal Order, the Debtor does not dispute that she failed to pay the third installment of her filing fee. Nor does she challenge the conclusion that failure to pay the filing fee justifies dismissal of a chapter 13 case. Instead, the Debtor's brief contains numerous statements that have little to no relevance to the issues in this appeal. Further, the Debtor concedes she was not concerned with complying with the installment payment order "to the letter." Yet, there was reason to be concerned with such noncompliance as "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (affirming district court's dismissal for failure to comply with scheduling orders) (citation omitted).

Although the Debtor makes a single substantive argument which might have some potential relevance to the Dismissal Order, namely that it was entered "hastily," she fails to support the argument with any legal authorities or record citations. See Fed. R. Bankr. P. 8014(a)(8); see also Reyes-Garcia, 82 F.3d at 14 (stating arguments "unsupported by any citation

11

either to legal authority or to record evidence" must be "treat[ed] . . . as forfeited") (citations omitted). And, in any event, the Debtor does not specify what she means by "hastily."

To the extent that she means she was entitled to more notice prior to dismissal, the record reflects that the Dismissal Order was anything but hastily entered. The installment payment order warned that noncompliance with its terms would result in dismissal, and the language of the Dismissal Order highlights that this warning was not the first. Furthermore, the bankruptcy court did not dismiss the case until 14 days after the deadline for the missed payment expired. Additionally, to the extent that the Debtor means she was entitled to a hearing, relevant authority clearly provides otherwise. See 11 U.S.C. § 102(1)(A) (stating "after notice and a hearing" "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances"); see also Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz), 341 B.R. 371, 381 (B.A.P. 1st Cir. 2006) (explaining that bankruptcy court may decide a motion to dismiss on the pleadings, drawing necessary inferences from the record, where an evidentiary hearing is not requested); In re Efron, 535 B.R. 505, 510 (Bankr. D.P.R. 2014) (stating the bankruptcy court is not always required to "hold an actual hearing" to dismiss a case), aff'd, 529 B.R. 396 (B.A.P. 1st Cir. 2015).

The Debtor's substantive briefing on the Order Denying Reconsideration is equally lacking. Whether viewing the Reconsideration Motion as one made under Rule 59(e) or 60(b), and even construing the Debtor's pro se brief liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the essential elements are lacking. Not only does the Debtor fail to mention the rules governing reconsideration, she neglects to reference any of the factors that are pertinent under either rule.

## III.    The Debtor's Failure to Provide an Adequate Record

Bankruptcy Rule 8009(a)(4) states that the record on appeal "must include," among other things, "transcripts of all oral rulings[.]" Fed. R. Bankr. P. 8009(a)(4); see also Fed. R. Bankr. P. 8018(b)(1)(F) (requiring appendix to contain "any relevant transcript or portion of it"). Thus, if the Debtor wished to contradict the bankruptcy court's finding that she had been warned about the risk of dismissal, it was incumbent upon her to provide us with a transcript of the August 10, 2023 hearing, but she did not. It was the Debtor's responsibility to present an adequate record on appeal, Malone v. Payeur (In re Payeur), 22 B.R. 516, 519 (B.A.P. 1st Cir. 1982), and she failed to submit any record appendix at all, instead merely attaching to her brief a copy of the entire docket sheet from her bankruptcy case.

## IV.    Summary Affirmance

The Debtor's failures to comply with the rules of briefing, to provide an adequate record on appeal, and to raise any meaningful arguments or substantive claims, preclude our review of the Dismissal Order and the Order Denying Reconsideration on the merits. See In re Ross, 2004 WL 6030762, at *4. Under these circumstances, summary affirmance is warranted. See 1st Cir. BAP L.R. 8013-1(c)(2) (authorizing summary disposition, including affirmance, "if it appears that no substantial question is presented");[5] see also In re Leventhal, No. 12-3745, 2013 WL 599520, at *1 (7th Cir. Feb. 6, 2013) ("Summary affirmance is appropriate 'when the arguments

---

[5] Neither the applicable BAP rule, nor the First Circuit rule, nor First Circuit case law, define a "substantial question" for purposes of summary affirmance. Beyond our circuit, however, some courts have stated that "[s]ummary affirmance is appropriate when the decision below is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." See, e.g., Patel v. United States, No. 2023-1325, 2023 WL 2387221, at *1 (Fed. Cir. Mar. 7, 2023) (citation and internal quotation marks omitted).

in the opening brief are incomprehensible or completely insubstantial.'") (citation omitted); In re Sharma, 647 B.R. at 809 (summarily affirming where appellant failed "to raise any meaningful, developed challenge to the orders on appeal") (citations omitted). As the First Circuit instructs:

> "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority," as required by the Federal Rules of Appellate Procedure and this Court's jurisprudence. When procedural noncompliance nullifies effective appellate review, . . . we are precluded from deciding the merits of an appeal, and summary disposition is appropriate.

González-Pagán v. Veterans Affairs Med. Ctr., No. 18-1323, 2020 WL 5550991, at *2 (1st Cir. June 23, 2020) (citation omitted). It is not this court's duty "to develop the Debtor's arguments for [her], find the legal authority to support those arguments, or guess at what part of the record may be relevant." In re Sirikanjanachai, 2020 WL 7647510, at *6 (quoting In re Ross, 2004 WL 6030762, at *4).

The Debtor's pro se status does not change the analysis. While the Debtor's lack of representation might necessitate a liberal reading of her brief, it does not absolve her from having to comply with the rules of procedure, this court's local rules, or substantive law. Aja v. Emigrant Funding Corp. (In re Aja), 442 B.R. 857, 861 (B.A.P. 1st Cir. 2011); see also Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) ("The right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'") (citation omitted). A pro se litigant's obligation to comply with substantive and procedural rules applies to briefing requirements. See O'Neal v. Spota, 744 F. App'x 35, 36 (2d Cir. 2018).

## CONCLUSION

For the foregoing reasons, the Dismissal Order and the Order Denying Reconsideration are **SUMMARILY AFFIRMED**. See 1st Cir. BAP L.R. 8013-1(c)(2).

14